## Case No. 9,642.

MINON v. VAN NOSTRAND et al.

[1 Lowell, 458;[1] 4 N. B. R. 108 (Quarto, 28).]

District Court, D. Massachusetts. July, 1870.[2]

BANKRUPTCY — ARREST UNDER STATE PROCESS — POOR DEBTORS — CHARGES OF FRAUD.

1. A debtor arrested on execution before filing his petition in bankruptcy cannot be relieved from the arrest by this court.

[Approved in Brandon Nat. Bank v. Hatch, 57 N. H. 461. Cited in Hussey v. Danforth, 77 Me. 20; Stockwell v. Silloway, 105 Mass. 519.]

2. Charges of fraud filed against a defendant who is seeking the benefit of the poor debtor law of Massachusetts, though filed after the bankruptcy of the debtor, do not make a new suit or proceeding so as to enable this court to interfere and discharge the debtor.

[Cited in Everett v. Henderson, 150 Mass. 421, 23 N. E. 318.]

Bill in equity. The facts of this case as alleged in the bill and admitted in the answer, were these: In October, 1869, the respondents [William T. Van Nostrand and others] recovered judgment and execution against the plaintiff [Michael G. Minon] in the superior court of the county of Suffolk. The plaintiff was arrested on the execution in November, and gave a recognizance before Mr. Coolidge, a magistrate duly authorized to act in the premises, to appear within thirty days thereafter for his examination under the laws of the commonwealth for the

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]
2 [Affirmed in Case No. 9,641.]

relief of poor debtors. He did so appear, and the examination was begun, and was afterwards continued from time to time, and was not concluded at the time of the hearing in this case. On the fourteenth day of February, 1870, the plaintiff was duly adjudged a bankrupt, and an assignee of his estate has been chosen and qualified. On the twenty-fifth day of March, the plaintiff again appeared before Mr. Coolidge, according to the tenor of his recognizance, and after proving to the satisfaction of the magistrate the fact of his bankruptcy, and the proceedings therein, prayed that all further action under the execution be stayed until the question of his discharge should be terminated in this court; and this being denied, prayed to be discharged from his arrest, which was likewise denied. The present respondents afterwards on the same day filed with said Coolidge charges of fraud against the plaintiff under the statute of the commonwealth, when the above-mentioned prayers were renewed and again denied; and the case has been continued to the present time. [It is further alleged that the charges of fraud are only cognizable in this court sitting in bankruptcy, and][3] the bill prayed for an injunction restraining the respondents from proceeding further under the execution and recognizance, and that the plaintiff be suffered to go thereof without day and without further molestation, and for general relief. [The case has been conducted with great courtesy on both sides, and with a view of obtaining either here or on appeal a binding adjudication of the law upon the important points involved.][3]

C. R. Train, for plaintiff.
R. Lund, for defendants.

LOWELL, District Judge. I have already more than once decided that a debtor who is under arrest at the time his petition in bankruptcy is filed, cannot be relieved on habeas corpus. I came to this conclusion with reluctance; but it seemed to be the necessary construction of section 26, and the rule 27 of the supreme court, founded upon it, that the benefit of the writ was only for bankrupts arrested after they became such, —and I have not changed that opinion. [It may be that congress hesitated to interfere with a consummated arrest under the apprehension that the debt might thereby be discharged and not be revived if the bankrupt should fail to obtain his discharge in bankruptcy, or it may be that the case was overlooked.][3] However I may regret the fact, a bankrupt seems to be left under such circumstances, to the operation of the laws of the state. Now the law of Massachusetts is very peculiar. It professes to abolish imprisonment for debt, but really does so only in case the defendant shows his poverty, and besides, comes within its definition of a

3 [From 4 N. B. R. 108 (Quarto, 28).]

fair and honest debtor. In respect to poverty and even to property concealed or conveyed on a secret trust for the debtor's benefit, it would seem that all such inquiries have, after bankruptcy, devolved upon the assignee, who is bound to prosecute them for the general benefit of creditors, including the judgment creditor, and that all examination which is for the advantage of the latter only ought to be dispensed with. This was always my view of the operation of the insolvent law of Massachusetts, but I have no power to require the state magistrate to adopt it, and to admit the debtor to the benefit of the oath. This want of power is admitted, but the plaintiff's contention is, that the specific charges of fraud which the statute of the state authorizes the judgment creditor to make, and which if duly alleged and proved, not only prevent the release of the debtor, but may subject him to punishment, are a new suit or proceeding against him which should be stayed to await the result of the proceedings in bankruptcy. By the law of the state charges of fraud, some of which may concern only the relations of the two parties to the suit, may be made by the creditor, in writing, pending the examination before the magistrate, and thereupon the defendant is to plead to them, and the case proceeds before the magistrate like a suit at law, with a right of appeal and of an ultimate jury trial. If final judgment is against the defendant he may be sentenced to the house of correction for one year, or to jail for six months, and shall lose all benefit of the law for the relief of poor debtors. This anomalous law has been decided to be constitutional and to be of a mixed character, mainly civil, but partly criminal. Gen. St. c. 124, §§ 10, 31–34; Chamberlain v. Hoogs, 1 Gray, 172; Parker v. Page, 4 Gray, 533; Stockwell v. Silloway, 100 Mass. 298. No public prosecution is provided for, and it seems to result from the whole tenor of the act that the defendant may end the case at any time before sentence by paying the debt and costs. Indeed his recognizance in case of appeal is to surrender himself within thirty days after final judgment, or pay the debt. The whole proceeding therefore appears to be framed with the view of giving the creditor an extraordinary hold upon a debtor whom he supposes to be fraudulent, but with whose conduct public justice has no particular concern.

I do not mean to be understood as throwing any doubt on the propriety of the decision which upholds the constitutionality of the law. The only question for me is whether the filing of such charges by a judgment creditor is a new suit which ought to be stayed under section 21 of the bankrupt act [of 1867 (14 Stat. 526)], which prohibits a creditor whose debt is provable under the act from prosecuting to final judgment any suit at law or in equity therefor, against the bankrupt, and requires "any such suit or pro-

ceeding" to be stayed to await the determination of the court in bankruptcy on the question of the discharge. It is argued with much force that "any such suit or proceeding" includes something more than any suit at law or in equity, and will cover any legal mode of enforcing payment of a provable debt. And I am very much inclined to think that this is so, and that a creditor who should undertake to prosecute a proceeding in admiralty or to seize on execution after-acquired property of the bankrupt, would be within the scope, as he clearly would be within the mischief of this section. If this be so, no creditor holding a provable debt can prosecute any proceeding for its recovery pending the bankruptcy. But the difficulty here is that all the original action is on the part of the debtor. He was under arrest before the proceedings, and the law has seen fit to provide that he shall not be released from such an arrest by habeas corpus. It seems to me to follow that equity cannot relieve him, because equity, in such a case, follows the law, and never undertakes to relieve against lawful arrests. Then the debtor applies for the benefit of the state law, and that unfortunately gives relief only in certain cases. If the debtor can show a compliance with that law he is discharged, otherwise not. And the charges of fraud, though declared to be a sort of suit at law and ordered to be conducted accordingly, are incidental, not to the recovery of the debt, but to the attempt of the debtor to take the benefit of the statute. They are, say the supreme court of Massachusetts, "intended to be used as an answer or plea in bar to the debtor's application for the benefit of the act. . . . No such charges can be made as an independent distinct substantive process against the debtor. They are only incidental to the previous proceedings commenced by him to obtain his release from confinement." Parker v. Page, 4 Gray, 533. If this be the true nature of these charges, it is not a suit or proceeding to recover a debt, but a counter plea to prevent the release of the person of the debtor lawfully in arrest, and I cannot hold that it ought to be stayed, because I should thereby give the debtor the benefits of the Massachusetts act, without its disadvantages, and be in effect saying that the creditor might oppose his taking the oath, if he would do it in a way which should be entirely agreeable to the debtor. The bankrupt having before his bankruptcy given a recognizance to take the poor debtor's oath, or surrender; and the arrest not being avoided by the bankruptcy, I have no right to avoid it indirectly by requiring the proceedings under it, and which are instituted at the debtor's instance, to be conducted in any particular manner, or to be stayed in part, for his further advantage. The filing of the charges does not appear to be a suit or proceeding for the recovery of the debt, more than would be the renewal of the execution, or the char-

ging in execution, or any other matter incident to the lawful arrest. This is the whole gist of the case.

I do not say that the magistrate ought not to admit him to take the oath notwithstanding the charges. I have no right to meddle with this. There appears to be some reason to suppose that the justices of the circuit court may entertain a different opinion upon this question, and I need not say that I shall cheerfully acquiesce in any rule they may lay down. Until they have decided the point I must act upon my own carefully considered opinion. The answer of the defendants brings up the whole merits of the case, and my decision is intended to be final in this court, so as to allow of an appeal. Bill dismissed.

[The decree in this case was affirmed by the circuit court upon appeal. Case No. 9,641.]