## DAVIS R. STOCKWELL *vs.* DANIEL SILLOWAY.

A discharge in bankruptcy obtained by a debtor under the bankrupt act of the United States, pending an appeal in the superior court from the judgment of a magistrate on charges of fraud preferred against him under the Gen. Sts. c. 124, §§ 31–34, is no bar to the prosecution of the appeal, whether or not it exonerates him from the demand for relief against which he applied to take the poor debtors' oath.

Office copies of deeds not made to either of the parties to a suit, nor of which either is entitled to the custody, may be admitted therein as evidence of the same degree with the originals.

POOR DEBTORS' OATH. Charges of fraud were filed by the creditor under the Gen. Sts. c. 124, §§ 31–34, upon which the

debtor was found not guilty by the magistrate, and the creditor appealed to the superior court, where the debtor, after the decision reported 100 Mass. 287, had leave to file a supplemental plea in bar, setting up his discharge in bankruptcy. To this plea the creditor demurred, and *Brigham*, C. J., sustained the demurrer.

At the trial by the jury, before the same judge, the debtor offered to prove his discharge in bankruptcy, and that the creditor's claim was barred by it; but the judge excluded the evidence, upon the ground, among others, that the arrest of the debtor was made before the passage of the bankrupt act.

In support of the charges, the creditor offered in evidence an office copy of a mortgage made by the debtor to Thomas Huse. The debtor objected to its admission, on the ground that no foundation had been laid for the production of a copy, Huse being alive and actually present in the court room ; but the judge overruled the objection, and admitted the copy in evidence, and subsequently admitted in like manner copies of two deeds made by the debtor to one Andrew Hall.

The jury found the debtor guilty, and he alleged exceptions.

*S. B. Ives, Jr.*, for the debtor.

*H. Carter*, for the creditor.

GRAY, J. Assuming (though not deciding, because it is unnecessary to do so) that the certificate of discharge in bankruptcy exonerated the debtor from his debt to this creditor and from arrest on all process which had no other object than to enforce or secure payment of that debt, it could not defeat or avoid the proceedings to punish him criminally for fraud upon being convicted thereof on the charges filed by the creditor in answer to his own application to be admitted to take the poor debtor's oath. Before the debtor filed his petition in bankruptcy, and indeed before the bankrupt act was passed, he had been arrested on execution, and, on applying to be admitted to take the poor debtor's oath, the charges of fraud had been filed against him ; and although he had been acquitted thereof by the magistrate, and lawfully permitted to go at large pending the creditor's appeal, the taking him into custody again after judgment against him in the superior court is not a mere restoring to the confinement from which he had ob-

tained a temporary relief pending the appeal, but an imprisonment by way of punishment, in accordance with the Constitution and statutes of the Commonwealth, upon his final conviction and sentence for the fraud. The certificate of discharge in bankruptcy is no bar to his being sentenced and imprisoned as prescribed by statutes upon such conviction. This is the necessary result of the view taken of the statutes upon the subject by this court when the case was formerly before it, as reported in 100 Mass. 287, and by the district court of the United States in *Minon* v. *Van Nostrand*, 1 Lowell, 458.

The office copies of deeds not made to either of the parties to the suit, nor of which either was entitled to the custody, were rightly admitted in evidence. *Samuels* v. *Borrowscale*, 104 Mass. 207.                                             *Exceptions overruled.*