NATIONAL SECURITY BANK *vs.* FRANCIS HUNNEWELL &
another.

Suffolk.    March 6. — 25, 1878.    COLT & SOULE, JJ., absent.

In an action on a recognizance, entered into under the Gen. Sts. *c.* 124, § 10, evidence
that the judgment in favor of the plaintiff has been paid in full by another judg-
ment debtor, after the recognizance was given and before the alleged breach of it,
is admissible in bar of the action.

CONTRACT, against Francis Hunnewell and John L. Hunne-
well, on a recognizance entered into under the Gen. Sts. *c.* 124,
§ 10, by the first named defendant as principal, and the other as
surety, and conditioned that Francis Hunnewell, who had been
arrested on an execution in favor of the plaintiff, should, within
thirty days from the time of his arrest, deliver himself up for
examination before some magistrate authorized to act, giving
notice of the time and place thereof in the manner provided by
law, and appear at the time fixed for his examination, and from
time to time until the same was concluded, and not depart with-
out leave of the magistrate, making no default at any time fixed
for his examination, and abide the final order of the magistrate
thereon.    Answer: 1. A general denial. 2. Payment of the
judgment.

At the trial in the Superior Court, before *Putnam*, J., there
was evidence tending to show that the plaintiff brought an action
in that court against Francis Hunnewell as first indorser of a
promissory note, against John Gorham as maker, and against
Edwin Strain and others as second indorsers, and on March 2,
1876, recovered judgment therein against all the defendants, for
$3,043 damages and $30.17 costs; that, on March 3, execution
on this judgment was duly issued; that, on March 31, Francis
Hunnewell was arrested and taken before a master in chancery
for the county of Suffolk, and gave the recognizance in suit.    It
further appeared in evidence that the master in chancery ap-
pointed April 28 for the hearing upon the application of Francis
to take the oath for the relief of poor debtors; that an examina-
tion was begun on that day, and adjourned to June 1, on which
day it was adjourned to June 26, and then further adjourned to
August 21, at two o'clock in the afternoon; that the creditor

was present and waited until after three o'clock, but Francis did not appear during the hour nor at all upon that day, and subsequently stated that he had forgotten to do so.

The defendants offered evidence that, prior to August 21, 1876, and after the recognizance was taken, the judgment was paid in full by Strain and others, the second indorsers of the note originally declared on; but the judge ruled that this was a matter which was to be heard by the court, in determining the question for what portion of the penal sum execution should be awarded, if the plaintiff recovered in this action, and rejected the evidence as being no defence to this action. The jury returned a verdict for the plaintiff for the penal sum of the recognizance; and the defendants alleged exceptions.

*B. E. Perry & S. W. Creech, Jr.,* for the defendants.

*G. S. Littlefield,* for the plaintiff.

MORTON, J. We are of opinion that the learned justice who presided in the Superior Court erred in rejecting the evidence offered by the defendants, that the judgment in favor of the plaintiff had been paid in full before the alleged breach of the recognizance. Payment of the judgment by any of the joint judgment debtors would operate as a discharge of the judgment as to all. *Holmes* v. *Day,* 108 Mass. 563. After such payment, there was no occasion for the debtor to appear before the magistrate according to the terms of his recognizance. The magistrate could not proceed with the examination, and the officer could not arrest the debtor upon the execution, which, by the satisfaction of the judgment, has become *functus officio.* The payment of the judgment would excuse the debtor from strict compliance with the terms of the recognizance, and his failure to appear before the magistrate would not be a breach.

*Exceptions sustained.*