## ASA P. MORSE *vs.* GOODRICH M. DAYTON.

Suffolk. Nov. 22, 1877. — July 18, 1878. COLT & LORD, JJ., absent.

Questions of law, arising at the trial, in the Superior Court, of charges of fraud under the Gen. Sts. *c.* 124, §§ 31–34, against a person applying to take the oath for the relief of poor debtors, may be reported to this court, after verdict, under the Gen. Sts. *c.* 115, § 6.

An appeal from the judgment of a magistrate upon charges of fraud under the Gen. Sts. *c.* 124, §§ 31–34, against a person applying to take the oath for the relief of poor debtors, by which the debtor is adjudged guilty of some of the specifications in the charges and not guilty of others, vacates the whole judgment, and opens the case for trial upon all the charges, although the other party does not appeal.

A creditor, who has filed charges of fraud under the Gen. Sts. *c.* 124, §§ 31–34, against a person applying to take the oath for the relief of poor debtors, from the judgment of the magistrate on which charges the debtor has appealed, is not barred from prosecuting the charges by proving his claim against the debtor in bankruptcy, pending the hearing before the magistrate and before the charges are filed.

APPEAL by Goodrich M. Dayton from a judgment and sentence rendered by a magistrate upon charges of fraud filed by a judgment creditor against him upon his application to take the oath for the relief of poor debtors.

Trial in the Superior Court, before *Putnam*, J., who, after verdict, reported the case for the determination of this court in substance as follows :

On March 28, 1876, the debtor was arrested upon an execution in favor of the judgment creditor, and gave the recognizance required by the Gen. Sts. *c.* 124, § 10. On April 24, 1876, the debtor appeared before a magistrate duly authorized to act, and applied to take the oath for the relief of poor debtors. The creditor appeared, by his attorney, before the magistrate and examined the debtor, and the examination was continued by adjournment until May 13, 1876, when the creditor filed charges

---

of fraud against the debtor as provided in the Gen. Sts. *c.* 124, §§ 31–34. To these charges the debtor pleaded not guilty; and thereupon a hearing and trial were had before the magistrate, who found that the debtor was guilty of specification numbered 5 in said charges and not guilty of all of the other specifications, and, on that ground only, refused the debtor the oath for the relief of poor debtors, and sentenced him to ten days' imprisonment in the county jail. From this finding and sentence, the debtor appealed. The creditor did not appeal.

Afterwards and pending the appeal, namely, on April 18, 1877, the debtor filed a further plea to the effect that on April 19, 1876, he was adjudged a bankrupt by the District Court of the United States for the District of Massachusetts; and that on May 2, following, the creditor proved the judgment, upon which the execution issued whereon he was arrested, against his estate in bankruptcy.

At the trial, the creditor proposed to offer evidence upon all of the specifications in the charges. To this the debtor objected, on the ground that, the debtor having been acquitted by the magistrate upon all but the fifth specification, and the creditor not having appealed from that decision, the fifth specification only was open to the creditor on this appeal. The judge sustained the objection, and ruled that evidence could be introduced under the fifth specification only.

The truth of the debtor's last plea having been admitted by the creditor, and it appearing that the creditor had proved his judgment against the estate of the debtor in bankruptcy, while the hearing before the magistrate was pending, and before the charges of fraud were filed, the judge ruled that this proceeding could not further be maintained by the creditor; directed the jury to return a verdict for the debtor; and reported the case for the consideration of this court.

If the rulings were correct, judgment was to be entered on the verdict; otherwise, a new trial was to be ordered.

*D. B. Gove,* for the creditor.

*R. D. Smith & M. M. Weston,* for the debtor.

GRAY, C. J. The proceedings upon the application of a debtor to be admitted to take the poor debtor's oath, and upon charges of fraud filed by the creditor by way of answer to such

an application, are in their origin and trial, and as regards the jurisdiction of courts, in the nature of a civil action. *Parker* v. *Page,* 4 Gray, 533. *Stockwell* v. *Silloway,* 100 Mass. 287. *Anderson* v. *Edwards,* 123 Mass. 273. Questions of law arising at the trial in the Superior Court might therefore be reported after verdict for the determination of this court. Gen. Sts. *c.* 115, § 6.

From the judgment of a magistrate on such charges of fraud, " either party may appeal to the Superior Court, in like manner as from the judgment of a justice of the peace in civil actions."- Gen. Sts. *c.* 124, § 32. In the case of an appeal from the judgment of a justice of the peace in a civil action, " the case shall be entered, tried and determined, in the court appealed to, in like manner as if it had been originally commenced there." *c.* 120, § 25. The appeal vacated the whole judgment of the magistrate, as well that part which was in favor of the appellant, as that part which was against him, and opened the case for trial in the Superior Court upon all the charges of fraud.

The provision of the bankrupt act of the United States, that a creditor proving his debt in bankruptcy shall not be allowed to maintain any suit against the bankrupt, but shall be deemed to have waived all right of action against him, and to have discharged and surrendered all proceedings already commenced, and unsatisfied judgments already obtained, does not prevent the creditor from bringing a new suit and making a new arrest on the same debt, in case a certificate of discharge in bankruptcy is refused. U. S. Rev. Sts. § 5105. U. S. St. June 22, 1874, § 7. *Valpey* v. *Rea,* 124 Mass. 99.

But a debtor discharged from arrest or execution, under the statutes of the Commonwealth, on his application to take the poor debtor's oath, will be exempt from arrest upon any subsequent execution or process on the same judgment or for the same cause of action. Gen. Sts. *c.* 124, § 22. The proceedings on such an application, and on the incidental charges of fraud against the debtor, are not affected by the commencement of bankruptcy proceedings, or even by a certificate of discharge obtained thereon, and cannot therefore be defeated by the mere proof in bankruptcy of the creditor's claim. *Stockwell* v. *Silloway,* 100 Mass. 287, and 105 Mass. 517.

It follows that the rulings of the learned judge of the Superior Court were erroneous upon both the questions reserved by him for our decision.                              *New trial ordered.*