CHESTER SMITH *vs.* EDMUND N. DICKINSON.

Hampshire. Sept. 16. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

If a debtor, against whom, upon his application to take the oath for the relief of poor debtors, charges of fraud are filed by his creditor under the Pub. Sts. *c.* 162, is found guilty by the magistrate of one of such charges, and not guilty of the other, and is sentenced accordingly, and does not appeal from the sentence, the creditor is not entitled to appeal therefrom, although the charges are under different clauses of § 17.

CHARGES OF FRAUD, filed by a judgment creditor, under the Pub. Sts. *c.* 162, against his debtor, upon the application of the latter to take the oath for the relief of poor debtors. The magistrate found the debtor guilty of the first two charges, which were charges of fraudulently conveying his property, and not guilty of the third charge, which was a charge that he contracted the debt with the intention not to pay the same ; and sentenced him accordingly. From this judgment and sentence the creditor appealed to the Superior Court. Trial in that court, before *Barker,* J., who reported the case for the determination of this court.

*W. Hamlin & F. E. Paige,* for the creditor.

*J. C. Hammond,* for the debtor.

HOLMES, J. There is no doubt that a strong argument may be made, that each charge filed as provided in the Pub. Sts.

*c.* 162, § 49, stands like a separate count; that conviction upon one and acquittal upon another are like separate judgments for the plaintiff and defendant respectively; and that each party may appeal from the judgment against him by virtue of § 50. But, if this view were correct, it would seem to follow, that, as the appeal is from a judgment, (§ 50; see *c.* 155, § 28,) the appeal in such a case would only open the judgment appealed from, and that the charges found in favor of the appellant could not be retried; whereas it has been decided that an appeal opens the case for trial upon all the charges of fraud. *Morse* v. *Dayton*, 125 Mass. 47.

In that case, it was assumed, as the ground for the decision, that there was but one judgment, although the debtor was acquitted on some specifications, and found guilty on another (p. 49). It is true that we find, on looking into the papers of that case, that all the specifications fell under the second charge of fraud named in the Gen. Sts. *c.* 124, § 5; Pub. Sts. *c.* 162, § 17; whereas, in the present case, the charges of which the debtor was found guilty fell under the second, but that of which he was acquitted fell under the fifth, and the argument, perhaps, is somewhat stronger for treating the judgments as distinct when the charges are distinguished by statute, than when the different specifications only support the same statutory charge. But we think that the decision in *Morse* v. *Dayton* did not contemplate any such nice discrimination, and we see no satisfactory reason for it. Two different conveyances in fraud of creditors are just as distinct frauds as one such conveyance and contracting a debt with the intention not to pay it. We may add, that § 50 seems only to contemplate a single judgment, and that the opposite view might lead to two sentences, one by the magistrate, and a further one in the Superior Court, which is hardly within the words of § 52.

If, then, we are to take it that there was but one judgment in the present case, that judgment was in favor of the creditor, and he was not aggrieved by it. See *Commonwealth* v. *Graves*, 112 Mass. 282. An appeal by the debtor would have opened all the charges, and, unless the debtor appealed, it did not matter to the creditor upon which of the alleged frauds the judgment was based. The sentence, to be sure, might have been heavier upon

a conviction of all the charges, but a creditor has no private interest in the sentence, although it is incident to a proceeding in his private interest; *Stockwell* v. *Silloway*, 100 Mass. 287, 294; and it is contrary to the analogies of the law to allow an appeal for the sole purpose of enhancing the punishment. See *Commonwealth* v. *Cummings*, 3 Cush. 212   Pub. Sts. *c.* 155, § 58. There can be no doubt that the right of appeal given by the Pub. Sts. *c.* 162, § 50, "in like manner as from the judgment of a trial justice in civil actions," is confined to "a party aggrieved by the judgment," *c.* 155, § 28.

*Creditor's appeal to the Superior Court dismissed.*