GEORGE EVERETT *vs.* EDWARD P. HENDERSON & another.

Suffolk.    March 11, 1889. — January 2, 1890.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Effect of Discharge on Poor Debtor's Recognizance — Charges of Fraud.*

A discharge in insolvency, pending charges of fraud against the insolvent debtor upon his application to take the oath for the relief of poor debtors after his arrest on execution for a judgment debt provable against his estate in insolvency, operates to exempt him from the debt and to relieve him from arrest, and to discharge him from the proceedings on the charges of fraud.

A poor debtor, after he had been duly adjudged an insolvent, was arrested on an execution issued upon a judgment which might have been proved against his estate in insolvency, and gave a recognizance with surety, under the Pub. Sts. c. 162, § 28, containing the usual conditions. The arrest was authorized upon the fifth charge mentioned in the Pub. Sts. c. 162, § 17, that the debt was contracted with an intention not to pay the same. Pending an application duly made by him to take the oath for the relief of poor debtors, and after charges of fraud, including the one on which the arrest had been authorized, had been filed against him, he obtained his discharge in insolvency. Afterwards the creditor and the debtor both appeared at the time and place to which the proceedings had been continued, and remained for an hour, but the magistrate was not in attendance, and no further proceedings were had. *Held,* in an action for breach of the recognizance, that the charges of fraud were incidental to the proceedings upon the arrest, and not a substantive and independent provision for the punishment of crime, and that the discharge in insolvency released the debtor from the debt and from the arrest, as well as from the proceedings upon the charges of fraud, and avoided the recognizance.

CONTRACT on a poor debtor's recognizance, entered into under the Pub. Sts. c. 162, § 28, by the first named defendant as principal, and by the other defendant as surety, and containing the usual conditions. After the former decision, reported 146 Mass. 89, the case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, which, so far as material, appear in the opinion. If the plaintiff was entitled to recover, judgment was to be entered for him for the penal sum of the recognizance; otherwise, judgment was to be entered for the defendants.

*E. M. Bigelow,* for the plaintiff.

*C. G. Keyes,* for the defendants.

W. ALLEN, J. The principal defendant, Henderson, was arrested, after he had been adjudged an insolvent debtor upon an execution issued on a judgment which might have been proved against his estate in insolvency, and gave the recognizance in suit, under the Pub. Sts. c. 162, § 28. The arrest was authorized upon the fifth charge mentioned in § 17 of that chapter, that the debt was contracted with an intention not to pay it. He duly gave notice of his intention to take the oath for the relief of poor debtors; and while the proceedings were pending, and after charges of fraud, including the one on which the arrest had been authorized, had been filed under the statute, he obtained his discharge in insolvency. After this, at the time and place to which such proceedings had been continued, the creditor and the debtor both appeared and remained for an hour, but the magistrate was not in attendance; after the lapse of the hour the plaintiff, before the appearance of the magistrate, departed. The magistrate did not attend until fifteen minutes past the hour and no other magistrate attended in his place, and there were no further adjournments or proceedings had.

It has been held that the condition of the recognizance that the debtor shall deliver himself up for examination implies that he shall appear before a competent magistrate at the time and place fixed by the notice, or to which the examination may be continued from time to time. *Morrill* v. *Norton,* 116 Mass. 487. *Hills* v. *Jones,* 122 Mass. 412.

The first question is whether the debtor was, by the effect of his discharge in insolvency, exempt from arrest or imprisonment

for the debt; for if he was, he could not be held on the execution for the debt, and his appearance before the magistrate to stay the proceedings for administering the poor debtor's oath would be unnecessary, or the merest formality. *National Security Bank* v. *Hunnewell*, 124 Mass. 260. The effect in this respect would be the same if the debtor was exempt from arrest for the debt as it would be if the debt were paid or discharged. The argument for the plaintiff is, that the debt was not discharged, and that the debtor is therefore not exempt from arrest and imprisonment. The ground upon which it is contended that the debt is not discharged is, that the charge that the debtor contracted the debt with an intention not to pay the same, if proved, would show that the debt was created by the fraud of the debtor, and for that reason would not be discharged. Pub. Sts. c. 157, § 84. Assuming, in favor of the plaintiff, that, if there was no exemption from arrest for debts not discharged under the provision of § 84, the debtor would continue liable to arrest until the questions which might arise under that section should be determined in his favor, there remains the question whether a debtor who has obtained his discharge is thereby exempted from arrest for debts from which he is not discharged, but which are provable against his estate.

Section 80 of the statute provides for the granting of the certificate of discharge, and prescribes the form of it. Section 81 provides that the debtor shall thereupon, except as provided in § 84, be discharged from all debts proved against his estate, and from all debts provable under the act, and founded on any contract made by him while an inhabitant of the State, if made within the State, to be performed within the same, or due to a resident therein. Section 83 provides that the debtor shall also be discharged and exempt from arrest or imprisonment in any suit or upon any proceeding for or on account of a debt or demand provable against his estate. It is manifest that this provision cannot be limited to debts from which the debtor is discharged. It would be useless and idle as applied to such debts, and the language of the statute not only does not require, but does not admit of, such construction. After providing that the debtor shall be discharged from domestic debts provable against his estate, except as provided in § 84, the statute provides

that he shall also be exempt from arrest for any debt provable against his estate. There is no reason for holding that this provision is limited to debts which appear by the certificate not to be discharged, — that is, foreign debts, and debts created by the debtor's defalcation as a public officer or trustee, which are required to be stated in the certificate as not discharged, (§ 80,) — and does not apply to debts included in § 84. There is nothing in the statute, as it stands, which indicates an intention thus to limit the provision, and we find no argument in favor of that construction in the history of the provision from its enactment in the original insolvent law. St. 1838, c. 163. By § 7 of that statute, all debts provable against the estate except foreign debts were discharged, and the provision in regard to exemption from arrest immediately followed in the same section. The form of the certificate was, in substance, the same as in the Public Statutes, and contained the same certificate of exemption from arrest for any debt which might have been proved against the estate.

When subsequently, from time to time, acts were passed providing that certain debts should not be discharged, the provision that the debtor should not be arrested for any debt provable against the estate remained, and was applicable to them, in terms, and the inference seems unavoidable that it was intended to apply to them. The first of these was the St. of 1844, c. 178, § 3, that no debt created by the defalcation of the debtor as a public officer, trustee, etc., should be discharged, and requiring that the certificate should contain a statement of such debts. The next was the St. of 1848, c. 304, § 10, that the discharge should not bar any claim for necessaries not proved, but it was not required that such claims should be stated in the certificate. Can there be any doubt that debtors who had received a discharge were exempt from arrest, not only for foreign debts, but for fiduciary debts, and for claims for necessaries? When these acts were revised in the Gen. Sts. c. 118, they were put in the form in which they appear in the Public Statutes. The provisions in regard to fiduciary debts and debts for necessaries were in § 79, and by § 76 the debtor was to be discharged, etc., except as provided in § 79, and by § 78 the debtor was exempt from arrest for any debt provable against the estate. There is no

trace of an intention to exempt from arrest for foreign debts or for fiduciary debts, and not from arrest for debts for necessaries.

The Gen. Sts. c. 118, § 79, were amended by the St. of 1879, c. 245, § 5, by adding the provision on which the plaintiff relies, "or a debt created by the fraud or embezzlement of the debtor"; and by the St. of 1881, c. 257, § 2, by adding the provision in regard to officers; and these were all re-enacted in the Pub. Sts. c. 157, § 84, and the provision in regard to exemption from arrest was re-enacted, in terms including them as debts provable against the estate.

If there could be any doubt that the Pub. Sts. c. 157, § 83, exempted a debtor from arrest for a debt for which a discharge was denied him by § 84, the provision of § 82 would remove it. It is in these words : " If the debtor, at the time of obtaining his certificate, is in jail on a suit or proceeding for or on account of a claim provable against his estate, he shall be discharged from such imprisonment upon producing to the jailer his certificate, granted pursuant to the provisions of this chapter." The only reason for requiring that he shall be discharged from imprisonment by the jailer is, that he is exempted and discharged from arrest or imprisonment by the statute, and the statute cannot mean that he shall be exempted from arrest if he is in jail, but shall not be if he is under recognizance or not under arrest, nor that he must be arrested or surrendered by his sureties before he can be exempt from arrest.

We have not overlooked the case of *Smith* v. *Randall,* 1 Allen, 456. All that was decided in that case was that the commencement of proceedings in insolvency in which the debtor subsequently obtained his discharge did not release him from the condition of the recognizance given upon his arrest on execution, that he would surrender himself for examination. The consideration that the debt was for necessaries and was not discharged, was not necessary to the decision, and we think could not affect it.

It is argued, that, although the debtor was, according to the terms of the statute, " discharged and exempt from arrest or imprisonment in any suit or upon any proceeding for or on account of " the judgment, and was therefore discharged from his arrest on the execution, yet he remained liable to punishment

upon the charges of fraud which were filed against him, and
that the proceedings on those charges are not merely civil pro-
ceedings for or on account of the debt, but also independent
criminal proceedings, to secure punishment for fraudulent acts,
to which the statutory exemption from arrest and imprisonment
on account of the debt does not apply. We think that the pro-
ceedings on charges of fraud constitute part of the proceedings
upon the arrest of the debtor, and are proceedings " for or on
account of a debt." The only ground upon which it is or can
be claimed that the proceedings on charges of fraud are distinct
from proceedings on the execution is that the statute authorizes
imprisonment as a punishment if the debtor is found guilty upon
such charges ; but we think that this is incident to the arrest
for the benefit of the creditor, and not a substantive provision
for the punishment of crime.

The Pub. Sts. c. 162, § 40, provide that any person who is
arrested on mesne process or on execution, who shall be admit-
ted to take the oath for the relief of poor debtors, shall, upon
taking the oath, be discharged and exempt from arrest or im-
prisonment upon the execution, or on any process founded on
the judgment or cause of action, and prescribes the terms and
conditions upon which the oath may be administered. The
debtor is to apply to a magistrate, who is to fix a time and
place for the examination of the debtor, and to issue notice
thereof to the creditor. If the debtor submits himself to ex-
amination, and satisfies the magistrate of the truth of the facts
set forth in the oath, he is to be admitted to take the oath,
unless the creditor has made certain specific charges of fraud.

If such charges are made, there are separate issues before the
magistrate : that of property, in which the debtor takes the bur-
den of showing by his examination that he has no property, and
upon which the magistrate has final jurisdiction ; and that of
fraud, in which the creditor has the burden of proof, and upon
which either party has a right of appeal and of trial by jury.
This statute provides, in § 52, that " if the defendant or debtor,
after either of said charges has been made or filed against him,
voluntarily makes default at a time appointed for the hearing,
or if upon a final trial he is found guilty of any of them, he
shall have no benefit from the proceedings under this chapter,

and may be sentenced " to the house of correction for a term not exceeding one year, or to confinement in jail not exceeding six months.

The question is whether the charges of fraud are a part of or incident to the application of the debtor to obtain his discharge from the arrest by taking the oath for the relief of poor debtors, and are vacated with those proceedings by the discharge of the debt, or the discharge of the debtor from arrest for the debt; or whether they constitute a substantive and independent criminal proceeding, which will survive after the debtor is discharged and exempt from imprisonment on account of the debt, for the purpose of the punishment of crime.

A provision for punishment by imprisonment is of a criminal nature, and is not an ordinary incident of civil proceedings. But it may be made by statute incident to and dependent upon civil proceedings for and on account of a debt. The question whether it is a dependent or an independent provision must be determined on the construction of the statute as a whole, and not upon a single provision of it.

Charges of fraud cannot be made except in proceedings upon a writ or execution, and must be either to authorize the arrest of a debtor on an execution, or in answer to the application of a debtor to take the poor debtor's oath. It will not be contended that a debtor who has been exempted from arrest for debt can be arrested on charges of fraud under the statute, nor that charges can be made against a debtor under arrest except in proceedings on his application to take the oath, and it seems equally against the spirit and intent of the statute to hold a debtor upon charges of fraud made in proceedings upon his arrest, after he has been discharged and exempted from the arrest.

The proceedings are declared to be in the nature of an action at law, and are wholly in behalf and under the control of the creditor, and the Commonwealth cannot intervene. The creditor can appeal from the decision of the magistrate in the same manner as in civil proceedings. If the creditor fails to appear at any time fixed for a hearing, or does not upon request pay the fees of the magistrate, the debtor shall be discharged. Pub. Sts. c. 162, § 68. The recognizance required of the debtor, upon

an appeal from a judgment against him on charges of fraud, is upon condition that, if final judgment is against him, he will surrender himself to be taken on execution, and abide the order of the court, or pay to the creditor the amount of the judgment; and there can be no question that the payment of the debt by the debtor, or the discharge of the debt or the discharge of the debtor from arrest by the creditor, will terminate the proceedings on the charges of fraud. So, if a defendant is arrested on mesne process, and, pending proceedings on charges of fraud filed on his application to take the poor debtor's oath, judgment is rendered for him in the action in which he was arrested, it cannot be contended that the charges of fraud can be further prosecuted against him. The judgment that there is no debt upon which execution can issue, the extinction of the debt by payment, or by the discharge of the creditor, or by a discharge in bankruptcy or insolvency, the discharge of the debtor from the arrest for the debt by the creditor, and the debtor's discharge and exemption from arrest for the debt by the insolvent law, must all have the same effect upon charges of fraud. If the statute intends that the debtor shall be punished upon conviction of the fraud charged although he may have been discharged from the arrest, it also means that he shall be so punished although he may have been discharged from the debt by the creditor or by law. If the proceedings on the charges of fraud are not for or on account of the debt, it is immaterial that the debt is discharged or paid; if they are for or on account of the debt, there can be no imprisonment under them after a discharge in insolvency, although the debt be not discharged.

The charges of fraud are declared to be in the nature of an action at law, and the appeal is in like manner as an appeal in civil actions. The appeal is to be entered at a civil term of the appellate court, and the trial is to be according to the rules of evidence in civil actions. The effect of the decision in favor of the debtor is that he may have the benefit of the poor debtor's oath. The effect of a decision in favor of the creditor is that the proceedings on the application of the debtor to take the oath are determined, and the debtor may be further punished by imprisonment. When the debtor is discharged by law from the arrest, the proceedings on his application to take

the oath are terminated. The condition upon which the application lies no longer exists, because he is not under arrest, and cannot be imprisoned for the debt. The part of the penalty that prohibits him from taking the oath becomes impossible, and all that remains — the imprisonment — is uncertain. It is optional with the magistrate or court whether there shall be any sentence. If the proceeding survives merely for the punishment of fraud, the magistrate or court is to try the question whether the debtor has committed certain specified acts charged against him, and if he is found guilty is then to determine whether the act is one for which he shall be punished. This is not an ordinary incident of a criminal proceeding.

Before the year 1836 a debtor applying to take the poor debtor's oath was obliged only to submit to an examination as to his property. St. 1787, c. 29. St. 1817, c. 186. The provisions authorizing the creditor to file charges of fraud were first enacted in the Rev. Sts. c. 98, §§ 27–38. The slight changes which have been made are in the line with the construction we give to the statute, such as leaving out the provision that the charges should be fully, plainly, and formally set forth, and only requiring that the charges shall be filed in the proceeding instead of being served upon the debtor, and authorizing, instead of requiring, a sentence of imprisonment.

In *Parker* v. *Page*, 4 Gray, 533, the question arose under the Revised Statutes whether an appeal from the decision of the magistrates upon charges of fraud should be entered at a civil or a criminal term of the appellate court. Mr. Justice Bigelow, in deciding that the civil term had jurisdiction, said: "All the proceedings under Rev. Sts. c. 98, §§ 27–38, are in their main features of a civil, and not a criminal nature. The charges of fraud which a creditor is allowed to file, by virtue of these provisions, are intended to be used by way of answer or plea in bar to the debtor's application for the benefit of the act for the relief of poor debtors, which is strictly in its inception and progress entirely a civil proceeding. No such charges can be made as an independent, distinct substantive process against a debtor. They are only incidental to the previous proceeding commenced by him to obtain his release from confinement on civil process. . . . It is true that in case the debtor is found

guilty of any of the charges alleged against him, he is liable
to a sentence of confinement at hard labor in the county jail
or house of correction for a term not exceeding one year.   That
certainly is an incident of a criminal proceeding.   But it is
also true that in such case the civil proceeding commenced
by the debtor is thereby terminated.   In its results, therefore,
it partakes quite as much of a civil as a criminal proceeding,
while in all other respects it is exclusively a civil proceeding."
See also the remarks of Mr. Justice Morton in *Anderson* v.
*Edwards*, 123 Mass. 273, where it was held that the rules
of evidence in civil proceedings apply to a trial upon charges
of fraud.

In *Stockwell* v. *Silloway*, 100 Mass. 287, the debtor was ar-
rested on execution, and made application to take the poor
debtor's oath.   The plaintiff filed charges of fraud, and, upon
examination and trial, the decision of the magistrate was in
favor of the defendant, and the oath was administered to him,
and he was discharged; and the plaintiff appealed.   In the Su-
perior Court the defendant pleaded in bar of the proceedings
the commencement and pendency of proceedings in bankruptcy,
relying on the provision of the bankrupt act that " no bankrupt
shall be liable to arrest during the pendency of the proceedings
in bankruptcy in any civil action, unless," etc. . It was held
that the provision of the statute did not apply, because the
arrest was before the proceedings in bankruptcy were com-
menced, and the statute contemplated a new arrest for the
benefit of the creditor.   Mr. Justice Gray said:  " The fact
that he [the debtor] was found not guilty by the magistrate,
and was therefore permitted to go at large pending the appeal,
does not make the taking of his body on execution, in case of
his ultimate conviction, a new arrest.   So far as the creditor
is concerned, it is a restoring of the debtor to the confinement
from which he had obtained a temporary relief pending the
appeal.   It is also an imprisonment by way of punishment for
the fraud originally charged against him before the magistrate."
In considering another part of the case, this language is used:
" These proceedings are in their origin and their main features
essentially of a civil and not a criminal nature.   The charges
of fraud are incidental to the application of the debtor to be

relieved from imprisonment by taking the poor debtor's oath, and are set up by way of answer to that application. . . . The provision that, if the debtor is found guilty of any of the charges of fraud, he may be sentenced to imprisonment in the jail or house of correction, is not indeed an ordinary incident of a civil action, but partakes of the nature of a punishment for crime." A similar decision was made in *Minon* v. *Van Nostrand*, 1 Lowell, 458. The question is stated by Lowell, J., as follows: " The only question for me is whether the filing of such charges by a judgment creditor is a new suit which ought to be stayed under section 21 of the bankrupt act." The question is fully considered, and the conclusion is : " The whole proceeding therefore appears to be framed with the view of giving the creditor an extraordinary hold upon a debtor whom he supposes to be fraudulent, but with whose conduct public justice has no particular concern."

The case of *Stockwell* v. *Silloway*, 105 Mass. 517, is apparently at variance with the conclusion we have reached. In that case it was decided that a discharge in bankruptcy of the debt upon which an execution debtor was arrested was no bar to imprisonment by way of punishment, upon conviction and sentence upon charges of fraud filed by the creditor on the debtor's application to take the poor debtor's oath. The court says, that the arrest upon sentence of imprisonment on charges of fraud would be a new arrest, and that " the certificate of discharge in bankruptcy is no bar to his being sentenced and imprisoned as prescribed by statutes upon such conviction. This is the necessary result of the view taken of the statutes upon the subject by this court when the case was formerly before it, as reported in 100 Mass. 287, and by the district court of the United States in *Minon* v. *Van Nostrand*, 1 Lowell, 458." We are unable to concur either in the decision of the court, or in the effect given to the decisions upon which it proceeds. We cannot regard either of those cases as deciding that proceedings upon charges of fraud are or can become separate and distinct from proceedings for the arrest of the debtor on execution and his discharge from such arrest, and we are not aware of any other decision which sustains such a distinction. Indeed, it would appear from the reference to this case in *Morse* v. *Dayton*,

125 Mass. 47, that it was not regarded as turning on any such distinction, but as going the length of holding that the arrest of the debtor and the proceedings on his application to take the oath were not affected by the discharge in bankruptcy.

In *Morse* v. *Dayton*, a debtor who had been arrested on execution, and applied to take the poor debtor's oath, was adjudged a bankrupt pending his examination. The creditor proved the debt in the bankruptcy proceedings, and afterwards filed charges of fraud in the poor debtor proceedings. The debtor was found guilty upon one charge of fraud, and on that ground only was refused the oath, and sentenced to ten days' imprisonment. The debtor appealed, and pleaded the above facts in the appellate court. The opinion of the court upon the question is as follows: " The provision of the bankrupt act of the United States, that a creditor proving his debt in bankruptcy shall not be allowed to maintain any suit against the bankrupt, but shall be deemed to have waived all right of action against him, and to have discharged and surrendered all proceedings already commenced, and unsatisfied judgments already obtained, does not prevent the creditor from bringing a new suit and making a new arrest on the same debt, in case a certificate of discharge in bankruptcy is refused. U. S. Rev. Sts. § 5105. U. S. St. June 22, 1874, § 7. *Valpey* v. *Rea*, 124 Mass. 99. But a debtor discharged from arrest or execution, under the statutes of the Commonwealth, on his application to take the poor debtor's oath, will be exempt from arrest upon any subsequent execution or process on the same judgment or for the same cause of action. Gen. Sts. c. 124, § 22. The proceedings on such an application, and on the incidental charges of fraud against the debtor, are not affected by the commencement of bankruptcy proceedings, or even by a certificate of discharge obtained thereon, and cannot therefore be defeated by the mere proof in bankruptcy of the creditor's claim. *Stockwell* v. *Silloway*, 100 Mass. 287, and 105 Mass. 517."

It is obvious that the filing of charges of fraud after the proof of the debt by the creditor could have no bearing on the effect of the proof under the statute, and that the cas . decides — and *Stockwell* v. *Silloway* is regarded as deciding ⋅ ⸪ that proceedings on the application to take the poor debtor's

oath are not affected by the respective provisions of the bankrupt act.    We cannot doubt that the effect of a certificate of discharge under our insolvent law is to release and discharge the debtor from imprisonment for or on account of debts from which he is discharged by the certificate, and also from debts which are provable against his estate in insolvency; and if we hold, as it seems plain that we must, that the proceedings upon charges of fraud are a part of and incidental to the proceedings upon the arrest, we must regard the provision for imprisonment as a feature in proceedings for and on account of the debt, and not a substantive and independent provision for the punishment of crime.    *Judgment for the defendants.*