## MANUFACTURERS NATIONAL BANK

*vs.*

### DUDLEY HALL and DUDLEY C. HALL.

Penobscot.    Opinion December 20, 1893.

*Insolvency.   Discharge.   National Banks.   Foreign Creditors.   R. S., c. 70.*
*Acts of Congress, July 12, 1882, § 4; Aug. 13, 1888.*

A discharge in insolvency by a court of insolvency having jurisdiction of the
debtor and creditor, will bar a suit in any other jurisdiction to recover a
debt that was provable in the insolvency court.

A national bank is subject to the jurisdiction of the courts of the State in-
which it is located, and hence is bound by a decree of the insolvency court
of such State.

See *Stetson* v. *Hall, post,* p.   110.

ON REPORT.

This was an action of assumpsit by the plaintiff bank of Boston,
Massachusetts, as holder and owner of the defendants' promissory
note for $5000 payable at any bank in Boston to the order of
Dudley C. Hall, one of the defendants, and by him indorsed.
It was dated at Boston, November 6, 1890, and became due
March 6—9, 1891.  The action was brought in Penobscot County,
March 10, 1891, and the defendants' real estate in that County
was attached on the same day; in Piscataquis County on March
11th, and in Aroostook County, March 12, 1891.

The defendants pleaded a discharge in bar of the action granted
to them by the Court of Insolvency for the County of Middlesex,
Massachusetts, under proceedings begun in that County, March
27, 1891.    The surviving assignee of the defendant, Dudley C.
Hall, both in Maine and Massachusetts, appeared and pleaded
the general issue and for brief statement of defense claimed that
under the proceedings begun in Maine, May 11, 1891, the
attachments in this State were dissolved.

The plaintiff contended that it was not bound by the discharges
granted in Massachusetts; that the attachments in this State
were not dissolved, and that, if for any reason a judgement *in
personam* could not be rendered, a judgment *in rem* should be
given to the plaintiff.

The arguments of counsel relating to the dissolution of the attachments, &c., will be found in the following case of *Stetson* v. *Hall*, p. 110.

*Charles P. Stetson*, for plaintiff.

The insolvent laws of Massachusetts can have no force in this State. A discharge under them is not a bar to an action in this State. *Ogden* v. *Saunders*, 12 Wheat. 213; *Phœnix Nat. Bank* v. *Batcheller*, 151 Mass. 589.

Plaintiff not a citizen of Massachusetts. *Paul* v. *Virginia*, 8 Wall. 168. U. S. statutes cited by defendants apply only to actions in U. S. Courts.

*Charles H. Bartlett*, *W. B. French*, of the Boston bar with him, for defendants.

Discharges of defendants a bar. *Channing* v. *Riley*, 4 Cranch, C. C. 528; *Ballantine* v. *Goulding*, 1 Cooke's Bank. L. 347; *Potter* v. *Brown*, 5 East, 124; *Baker* v. *Wheaton*, 5 Mass. 511; *Watson* v. *Bourne*, 10 Mass. 357; *Blanchard* v. *Russell*, 13 Mass. 10; *Braynard* v. *Marshall*, 8 Pick. 197; *Ogden* v. *Saunders*, 12 Wheat. 217; *Stone* v. *Tibbetts*, 20 Maine, 116; *Felch* v. *Bugbee*, 48 Maine, 9; *Clark* v. *Cousins*, 65 Maine, 42.

National banks subject to be bound by State insolvent laws. *Mercantile Bank* v. *New York*, 121 U. S. 138-154; *National Bank* v. *Commonwealth*, 9 Wall. 362; *Wait* v. *Dowling*, 94 U. S. 532. Same under bankrupt law of 1867. *Bank* v. *Hunt*, 11 Wallace, 391; *Traders Bank* v. *Campbell*, 14 Wall. 87; *Merchants Bank* v. *Cook*, 95 U. S. 342; *Grant* v. *National Bank*, 97 U. S. 80.

The laws of one nation or state will be executed in another where rights of individuals are concerned when the laws of the foreign State are not contrary or prejudicial to its interests. *Minor* v. *Cardwell*, 37 Mo. 350, 354; *Olivier* v. *Townes*, 14 Martin (La.), 93-102; *Gebhard* v. *Canada S. Ry. Co.* 17 Blatchf. C. C. 416; *Cole* v. *Lucas*, 2 La. Ann. 946-952; *Mary* v. *Brown*, 5 La. Ann. 269; *Tatum* v. *Wright*, 7 La. Ann. 358; *Groves* v. *Nult*, 13 La. Ann. 117; *Hughes* v. *Klingender*, 14 La. Ann. 52;

*Blanchard* v. *Russell*, 13 Mass. 1-6; *Prentiss* v. *Savage*, 13 Mass. 20-24; *Tappan* v. *Poor*, 15 Mass. 419-422; *Ingraham* v. *Geyer*, 13 Mass. 146; *West Cambridge* v. *Lexington*, 1 Pick. 506; *Hinds* v. *Brazealle*, 3 Miss. (2 How.) 837; *Martin* v. *Hill*, 12 Barb. 631; *Kanaga* v. *Taylor*, 7 Ohio St. 134; *Crosby* v. *Huston*, 1 Tex. 203.

SITTING: PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J. This action is upon a contract made and to be performed in Massachusetts. The defendants, residents of that State, have pleaded in bar a decree of the proper Court of Insolvency in Massachusetts, discharging them from their debts. That court admittedly had jurisdiction of the subject matter and of the person of the defendants. The proceedings and decree seem to be regular and to include this debt, although the plaintiff bank did not appear in the court. If then the plaintiff bank, located in Massachusetts, was within and subject to the jurisdiction of the courts of Massachusetts, the decree pleaded is valid and effectual as a bar. Full faith and credit would be given to it in Maine. It would bar this action. *Stone* v. *Tibbetts*, 26 Maine, 110; *Felch* v. *Bugbee*, 48 Maine, 9; *Clark* v. *Cousins*, 65 Maine, 42.

The plaintiff bank, however, is a National Bank, incorporated solely under the statutes of the United States, and it contends that hence it is not subject to the jurisdiction of the State Courts in Massachusetts, and so not bound by their decrees. The United States statutes do not support this contention. Act of Cong. July 12, 1882, § 4, and Act of Cong. August 13, 1888, expressly subject national banks to the jurisdiction of the courts of the state in which they are located, and forbid the federal courts exercising any other jurisdiction over them, than such as they might exercise over State banks, except of course in official suits. These statutes make the plaintiff bank subject to the jurisdiction of the courts of Massachusetts. Should it be sued in one of those courts by a citizen of Massachusetts, it could not

remove the suit to the federal courts on the ground of diversity of citizenship. *National Bank* v. *Cooper*, 120 U. S. 778 ; *Whittemore* v. *National Bank*, 134 U. S. 527.

The plaintiff further contends that, if the decree does bar its claim to recover a personal judgment, it does not bar the claim to recover a special judgment against the real estate of the defendants situated in Maine and attached on the writ. The argument is, that the debtors' real estate in Maine cannot be disposed of by the Massachusetts court even for distribution among their creditors ; that such real estate remains the property of the debtors after the conclusion of the insolvency proceedings, and hence should be subject to seizure by their non-participating creditors upon process from the courts of Maine. There is force in the argument, but the decree of the Massachusetts court has full effect upon the parties even when they come into Maine. Its effect is not merely to bar actions against the persons of the defendants, but is to discharge the debt and deprive it of all legal obligation. It prevents any recognition of the debt by the courts without a new promise. It prevents a recovery of any judgment founded on the contract declared on in this action. *White* v. *Cushing*, 30 Maine, 269 ; *Everett* v. *Henderson*, 150 Mass. 411.

*Plaintiff nonsuit.*