LEMUEL E. DEMELMAN *vs.* CHARLES L. HUNT & another.

Suffolk.   January 21, 1897. — February 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Poor Debtor — Breach of Recognizance — Discharge in Insolvency — Bar to Action — Principal and Surety.*

A poor debtor, who has entered into a recognizance to deliver himself up for examination, is not excused from appearing at the time fixed for the examination by the fact that he had begun proceedings in insolvency earlier on that day.

A discharge in insolvency of the principal in a poor debtor's recognizance is a bar to an action thereon against him for a breach occurring before the discharge, but, under Pub. Sts. c. 157, § 85, does not release a surety on the recognizance.

CONTRACT, upon a poor debtor's recognizance, entered into by the first named defendant as principal, and by William I. Holmes, the other defendant, as surety.   Trial in the Superior Court, without a jury, before *Richardson*, J., who found for the principal defendant, and for the plaintiff against the defendant surety; and the latter alleged exceptions.   The facts appear in the opinion.

*J. L. Hunt*, for the defendant surety.

*W. N. Buffum*, for the plaintiff.

HOLMES, J.   This is an action upon a recognizance given in poor debtor proceedings, conditioned for the debtor's delivering himself up for examination within thirty days.   St. 1888, c. 419, § 6.   The recognizance is dated April 20, 1895.   As we understand the defective bill of exceptions, the debtor submitted himself for examination and made default on May 17, at half past ten in the morning.   Earlier on that day he had begun proceedings in insolvency, and on December 26, 1895, he was discharged from all debts due on May 18.   The judge before whom this case was tried found for the principal defendant, the debtor, but found against the surety in favor of the plaintiff.   The surety excepted.

It is difficult to extract from the bill of exceptions what questions are raised by it.   One point seems to be that the debtor was excused from appearing for examination by the fact that he had begun insolvency proceedings an hour before, although

of course the result of the proceedings was uncertain, and that therefore there was no breach. This is not the law. *Everett* v. *Henderson,* 150 Mass. 411, 415. *Smith* v. *Randall,* 1 Allen, 456. The language of *Everett* v. *Henderson,* relied on by the defendant, applied only to a case where a discharge in insolvency has been granted before the time fixed for the examination.

The other point is that the discharge in insolvency is a bar. If there had been no breach of the recognizance before May 18, it would not have been affected by the discharge, because it still had some time to run. *Smith* v. *Randall* and *Everett* v. *Henderson, ubi supra.* But it seems fair to assume that the default of May 17 was the breach relied on, and we assume that the debtor was discharged, as the defendant contends. But the surety was not discharged on that account. His liability is preserved by the statute in terms. Pub. Sts. c. 157, § 85. *Carpenter* v. *Turrell,* 100 Mass. 450, 453, has no application. That was a decision upon a bond given to dissolve an attachment upon which the discharge in bankruptcy had no direct operation as to any of the parties.

There is no question of pleading before us.

*Exceptions overruled.*