WILLIAM G. HARRIS *vs.* MARY J. HAYES.

Middlesex.    March 15, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Poor Debtor — Breach of Recognizance — Proof of Claim in Insolvency —*
*Bar to Action.*

The fact that a creditor has proved a claim in insolvency upon a judgment against
a judgment debtor is not a bar to an action against a surety on a recognizance to
appear for examination as a poor debtor, entered into by the same debtor when
execution issued against him.  But whether it would be ground for a continu-
ance, or for a stay of execution until it could be ascertained what dividend the
creditor would receive in the insolvency proceedings, *quære.*

CONTRACT, against the surety upon a poor debtor's recogni-
zance.   At the trial in the Superior Court, before *Sherman*, J., it
was agreed that the plaintiff recovered judgment against one
Hayes on March 2, 1896 ; that, execution having issued thereon,
Hayes was cited to appear at the Municipal Court of Boston at
the poor debtor session thereof, and was defaulted and arrested
by the order of the court, and he thereupon entered into a recog-
nizance with the defendant as his surety, which is the recog-
nizance declared upon ; that Hayes applied to take the oath for
the relief of poor debtors at said Municipal Court on March 26,
1897 ; that a hearing was continued from time to time; that
upon May 21, 1897, at 10 A. M., he was defaulted; that he filed
his petition in the Court of Insolvency for the county of Suf-
folk on April 8, 1897, and that the warrant was issued return-
able on April 30, 1897 ; that the warrant was returned on that
day without service, and a new warrant was issued returnable
on May 14, 1897 ; that Hayes filed his schedule of property and
creditors on April 28, 1897 ; that the first publication of the
new warrant was on May 6, 1897 ; that the first meeting of the
creditors was held on May 14, 1897, when the plaintiff proved
the judgment against Hayes, and that the same was allowed ;
that the second meeting was held on July 2, 1897, and the
third meeting had been ordered for November 12, 1897, and the
question of his discharge in insolvency had not yet been reached.

The judge directed the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*E. L. Buffinton*, for the defendant.

*N. F. Hesseltine*, for the plaintiff.

HOLMES, J. The fact that the plaintiff had proved a claim in insolvency upon a judgment against a judgment debtor is not a bar to an action against a surety on a recognizance to appear for examination as a poor debtor, entered into by the same debtor when execution issued against him. Whether it would be ground for a continuance, or for a stay of execution until it could be ascertained what dividend the plaintiff would receive in the insolvency proceedings, is not before us. It may be that it would be proper to provide for the dividend being deducted from the defendant's liability. See *Demelman* v. *Hunt*, 168 Mass. 102. *Exceptions overruled.*