### Case No. 17,060.

### In re WALKER.

[1 Lowell, 222; [1] 1 N. B. R. 318 (Quarto, 60).]

District Court, D. Massachusetts. Feb., 1868.

BANKRUPTCY—IMPRISONED DEBTOR—RELEASE.

The bankrupt act [of 1867 (14 Stat. 517)], § 26, does not relieve from arrest one who is already in custody at the time his petition in bankruptcy is filed.

[Cited in Hussey v. Danforth, 77 Me. 20.]

This petition for a writ of habeas corpus set out that the petitioner [William A. Walker], was arrested on mesne process at the suit of a creditor, in January last, and became bankrupt on the first day of February, but was still held in custody by the sheriff, and prayed for his discharge under section 26 of the act.

LOWELL, District Judge. I have before decided the question raised in this case, but have reviewed the arguments on the subject in the hope that I might reach a different conclusion, but am constrained to adhere to the opinion that the bankrupt act does not relieve from arrest debtors who were in custody before the proceedings in bankruptcy were begun. By the terms of section 26 no bankrupt shall be liable to arrest "during the pendency of the proceedings in bankruptcy," which certainly appears to mean that arrests already consummated are not to be interfered with. If it had been the intent of congress to release debtors in custody, it is probable that provision would have been made concerning the effect of such release upon the debt. And it is not at all improbable that some difficulty may have been felt in dealing with this point, for the reason that the effect of an arrest is a matter of local law, and congress might doubt its competency to relieve from the arrest and yet preserve the debt, if the local law held it to be discharged thereby. I do not myself believe there is any real difficulty in the point, but it may have caused the doubt.

Looking next at the rule of the supreme court, No. 27, we find the distinction between arrests before and after bankruptcy to be carefully preserved. In the former case, the bankrupt is only entitled to be brought up on habeas corpus for the purpose of attending the register, &c.; while in the latter, he is to be discharged. This rule puts upon the statute the construction which I have said is the most obvious, and no doubt the true one: and I have reason to believe that the very point now under consideration was brought to the attention of the supreme court, and was in fact passed upon by them when they established the rule in its present form. I must therefore refuse to issue the writ. Petition dismissed.