## Case No. 6,286.

### In re HAZLETON.

[See Case No. 6,287.]

---

## Case No. 6,287.

### HAZLETON v. VALENTINE.

[1 Lowell, 270;[1] 2 N. B. R. 31 (Quarto 12); 1 Am. Law T. Rep. Bankr. 105.]

Circuit Court, D. Massachusetts. July, 1868.

BANKRUPTCY — FREEDOM FROM ARREST DURING PENDENCY OF PROCEEDINGS—ARRESTS EXISTING AT COMMENCEMENT OF PROCEEDINGS.

1. The freedom from arrest granted to bankrupts "during the pendency of the proceedings in bankruptcy" does not relieve them from arrests existing at the commencement of the proceedings.

[Cited in Brandon Nat. Bank v. Hatch, 57 N. H. 461; Hussey v. Danforth, 77 Me. 20.]

2. Where a debtor, a citizen of Massachusetts, was arrested in New Brunswick on mesne process, and gave bail, and after judgment had been entered up against him, surrendered in exoneration of his bail and was imprisoned, and afterwards filed his petition in bankruptcy in Massachusetts, and still later was charged in execution in accordance with the laws of New Brunswick, which require that a debtor so surrendering shall be charged within three months thereafter; Held, that such charging in execution was not an arrest during the pendency of the proceedings in bankruptcy, but related back to the surrender.

3. It seems, that where an arrest is made out of the jurisdiction of this court, both debtor and creditor being citizens of Massachusetts, and the debtor being in bankruptcy here, the circuit or district court might, in a proper case, enjoin the creditor from proceeding with his arrest.

Petition in the nature of a bill in equity, supported by affidavits, by which it appeared that in July, 1866, the petitioner [H. L. Hazleton] was arrested in St. Johns, New Brunswick, for a debt alleged to be due the respondent, [L. Valentine], both being then and now citizens of Massachusetts; that he gave special bail to the action, and that judgment was afterwards recovered against him for a very considerable sum, and a capias issued, on which the sheriff made due return, non est inventus; and that afterwards the petitioner went to St. Johns for the purpose of rendering himself or being rendered in discharge of his bail; which was done on the 22d February last, and he has been imprisoned there ever since. On the fourth day of March last, his petition in bankruptcy, which had been prepared before his departure from home, was duly filed in the district court for this district, and he was adjudged a bankrupt, and now asked that his creditor should be enjoined from longer detaining him in prison.

[It is not seriously denied that in some cases, when it had jurisdiction of the parties, and

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

under some circumstances, this court, acting as a court of equity, might interpose to require a citizen of this district to do or forbear something out of the district, as in the leading cases in our state courts, of Deveau v. Fowler [2 Paige, 400], not that the subject matter gives us jurisdiction in this case. But many objections are taken to the formality and regularity of these proceedings, and to the applicability of the principle to the facts of this case, and some suggestion is made that the district court, rather than the circuit court, should be appealed to. It is true, as argued, that no special equities are set up in the petition beyond the fact of arrest and imprisonment for debt, but the petitioner avers that this is a breach of the spirit, if not the letter, of the bankrupt law, and so is a case in which equity will interfere to enforce a plain legal right, there being no adequate remedy at law. I shall first consider the question if the arrest were made within this district, reserving the special considerations which apply to it as a foreign arrest to a later moment.

[Section twenty-six of the bankrupt act [of 1867 (14 Stat. 529)] provides that no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him. Now I agree with the petitioner that the facts here show a debt from which his discharge would release him, namely, a judgment in an action of assumpsit, and not a debt created by the bankrupt's fraud or defalcation. Judge Blatchford has held in several cases that where the defalcation (or complaint) showed a debt created by fraud or embezzlement, and judgment followed, the judgment was conclusive of a debt created by fraud or embezzlement. In re Patterson [Case No. 10,817]; In re Seymour [Id. 12,684]; In re Pettis [Id. 11,046]. I do not know why the converse should not be equally true. But if it be not, the evidence here shows a simple debt, and one not directly created by any defalcation. It seems to me, therefore, that this arrest is not one that the bankrupt law authorizes to be made in the United States, pending the proceedings in bankruptcy. But the further question is raised, whether the arrest was made during the pendency of the proceedings.][2]

H. W. Paine, J. P. Converse, and E. A. Kelley, for plaintiff.

T. H. Sweetser and L. Fairbanks, for defendant.

LOWELL, District Judge, after saying that a court of equity which had jurisdiction of the subject-matter and of the parties, might enjoin a citizen of this commonwealth and district from doing unlawful acts out of the district; and that the debt for which the

---

[2] [From 2 N. B. R. 31 (Quarto 12).]

plaintiff was imprisoned was a judgment debt, from which his discharge in bankruptcy would release him, proceeded:—

The main question, however, is whether the arrest was made "during the pendency of the proceedings in bankruptcy," for it is only to such arrests, even though the debt be dischargeable, that the bankrupt law addresses itself.[3] In dealing with this subject it differs both from the English and the Massachusetts law, on one or other of which it is said to have been mainly founded. The insolvent law of Massachusetts does not interfere with arrests at all before or after the proceedings, excepting to provide for the examination, &c., of an imprisoned debtor. The English law, on the other hand, from 5 Geo. II. c. 30, to 12 & 13 Vict. c. 106, had this provision: that if the bankrupt were not in prison or custody at the date of the adjudication, he should be free from arrest or imprisonment by any creditor during the time, &c. There were several decisions upon the construction of this statute; but they are not of much value to us, because the language of the statute is different. For instance, the bankrupt was not liable to arrest by any creditor, whether his debt were provable or not: Darby v. Baugham, 5 Term R. 209; but on the other hand, if he were already in custody at the time of the adjudication, he was not within the exemption at all, and further detainers might be lodged against him even by other creditors: Ex parte Goldie, 1 Mer. 176. In both these respects our law is obviously different. By 12 & 13 Vict. c. 106, § 112, when any bankrupt is in prison or custody for debt, excepting as excepted (which exceptions are, I suppose, of debts which would not be discharged), the court of bankruptcy may order his release either absolutely or on such conditions as it shall think fit, provided that such release shall in no wise affect the rights of the creditor, &c.

Our statute takes a middle course, and without interfering with existing arrests, forbids them on the part of certain creditors during the pending of the proceedings. Was this such an arrest? I am of opinion that it was not. The arrest was made on the writ, and the petitioner while out on bail was in the custody of his bail, and when he was rendered in their discharge, he was theoretically and actually in arrest, substantially to all intents and purposes, as if he had never been released on bail. It is shown to be a rule of court in New Brunswick that a defendant who is rendered in discharge of his bail after judgment must be charged in execution within three months after the render; this rule is not substantially different from that which prevails in England and in Massachusetts. In this case, an alias execution was duly taken out and lodged with the sheriff on the first day of May, 1868, which was after the adjudication of bankruptcy, and

3 In re Walker [Case No. 17,060.]

the argument is that the arrest was made on that day. This point is too nice. It makes no difference whether the defendant be so charged within one day or ninety, so it be within the three months. It then relates back to the day of the render, and he has been in lawful custody and arrest for debt during the whole period. Under the English law that the bankrupt should be free from arrest, it was held that he might be surrendered by his bail, and the cases all assume that he might be thereupon charged in execution without either the surrender or the charge being deemed a new arrest: Ex parte Gibbons, 1 Atk. 238; Payne v. Spencer, 6 Maule & S. 231; Offley v. Dickins, Id. 348; Crump v. Taylor, 1 Price, 74. When we consider that by the same law a debtor who is at large on bail cannot be arrested by other creditors (Ex parte Leigh, 1 Glyn & J. 264), those cases are of some weight in the present inquiry. However, I do not rely very much upon the English cases for the reason already given.

It seems highly unjust that a debtor, whether bankrupt or about to become so, should be able to surrender himself, and discharge his bail, and become at once entitled to his release, to the detriment of the creditor. His arrest, if it be called so, is but the necessary and proper consequence and completion of his surrender, and without which it would not be a surrender. Suppose the petitioner to have applied for his release before he was charged in execution. Should he allege that he is under arrest for debt or not? Must he not, if he would aver the truth, say that he is imprisoned by virtue of an order of arrest on mesne process, by which the sheriff is entitled to hold him for a certain time after judgment or after surrender? If all this be true, and if the petitioner was lawfully in arrest when he filed his petition in bankruptcy, when did that arrest cease to be lawful? Was it at the very moment that it became useful to the creditor? The deputy-sheriff makes affidavit that he arrested the petitioner on the first of May, 1868, on an alias execution, &c., but it is no part of his duty as a witness to affirm to the law, and when we look at his return, a copy of which he annexes to his affidavit, we find it is in two words,—quite conformable to the fact, but not to his affidavit,—namely, "in custody." Upon the petitioners' argument, every bankrupt already under arrest on mesne process for a debt of the appropriate kind would be entitled to his discharge, because he must be charged in execution within a certain time after judgment, and if such charging is illegal, as being a new arrest, he might as well be released at once, to avoid vexatious and useless delay and imprisonment. I agree that the charging in execution is not only necessary to perfect the rights of the creditor, but that it is at his election whether to cause it to be done or not; and if the debtor be discharged for want of it, the creditor does

not lose his debt, but only certain important rights of future arrest, &c. But these may be often equivalent to a loss of the debt; and if they were not, I cannot say that the act of the creditor is in law or fact a new arrest during the pendency of the proceedings; it is but a lawful continuation of the old arrest, according to the terms and for the purposes for which it was originally made.

This view of the case renders it unnecessary to consider the other points raised. It may not be improper, however, to remark that I know of no reason why the petitioner may not proceed to obtain his discharge in bankruptcy, if he is entitled to receive it; for this does not require his personal presence in the district, that I am aware of; and if he does obtain it, there can be no great difficulty, I should suppose, in obtaining a release from imprisonment in New Brunswick upon this judgment.

Petition dismissed.