Aug. 11,
1876.          BRANDON NATIONAL BANK *v.* HATCH.

*Bankruptcy—Arrest—Discharge.*

When the defendant has been properly arrested upon civil process, the subsequent commencement and pendency of proceedings in bankruptcy by or against him furnish no ground for his discharge from arrest.

But if the claim upon which he is arrested is one from which a discharge in bankruptcy will release him, he will be entitled to be discharged from arrest when a discharge in bankruptcy is obtained.

FROM CHESHIRE CIRCUIT COURT.

ASSUMPSIT. The writ was served by arresting the body of the defendant, the affidavit required by law having been made thereon. It was admitted that within sixty days after the service of the writ, as aforesaid, the defendant was adjudged a bankrupt. Upon the entry of the action at this term, the defendant moved that he be discharged from said arrest, and that his bail be discharged. It did not appear that the plaintiffs had proved their claim in bankruptcy.

The court *pro forma* granted the motion, and the plaintiffs excepted. Transferred by LADD, J.

*F. A. Faulkner*, for the plaintiffs.

*Pike* and *Spring*, for the defendant.

\* SMITH, J. Section 5107 of the Revised Statutes of the United States provides that " No bankrupt shall be liable during the pendency of the proceedings in bankruptcy to arrest in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." This section is almost a literal reënactment of section 26 of the bankrupt act of 1867.

This provision applies only to arrests made subsequent to the date of proceedings in bankruptcy. When the debtor is arrested prior to the commencement of such proceedings, there is no provision of the bankrupt act that provides for his release. Bump on Bankruptcy 151 (5th ed.) ; *in re Walker*, 1 B. R. 60—S. C. 1 Low. 222 ; *in re Hazelton*, 2 B. R. 12—S. C. 1 Low. 270 ; *Minon* v. *Van Nostrand*, 4 B. R. 28—S. C. 1 Low. 458.

*In re Walker*, LOWELL, J., remarks,—" If it had been the intent of congress to release debtors in custody, it is probable that provision would have been made concerning the effect of such release upon the debt. And it is not at all improbable that some difficulty may have been felt in dealing with this point, for the reason that the effect of an arrest is a matter of local law, and congress might doubt its competency to relieve from the arrest and yet preserve the debt, if the local law held it to be discharged thereby."

In *Minon* v. *Van Nostrand* it was held that a debtor, under arrest at the time his petition in bankruptcy is filed, cannot be released on *habeas corpus*. This conclusion is the necessary construction of the statute, and of the rule of the supreme court founded upon it, that the benefit of the writ was only for bankrupts after they became such. The same learned judge remarked,—" It may be that congress hesitated to interfere with a consummated arrest, under the apprehension that the debt might thereby be discharged, and not be revived if the bankrupt should fail to obtain his discharge in bankruptcy ; or it may be that the case was overlooked. However I may regret the fact, a bankrupt

---

\* LADD, J., did not sit.

seems to be left, under such circumstances, to the operation of the laws of the state."

It does not appear whether this action is founded on a debt or claim from which a discharge in bankruptcy, if the defendant should obtain one, would release him. If it is not, then the defendant is not entitled to be discharged from arrest upon the ground that he has been adjudged a bankrupt. But, on the other hand, if it is, it is clear, upon the strength of the foregoing authorities, that the debtor is not entitled to be discharged from arrest until the question of his discharge in bankruptcy shall have been affirmatively settled. Congress has only provided for the exemption of the debtor from arrest during the pendency of proceedings in bankruptcy against him. Its omission to provide affirmatively for his discharge from arrest, made before such proceedings were commenced, affords very strong ground for inferring that it was not the intention of congress to provide for such a contingency. If the defendant shall obtain a discharge in bankruptcy, and this debt or claim is one from which such discharge will release him, the debt or claim will thereby become in effect extinguished, and with it will fall all proceedings to enforce it. The defendant will then be entitled to be discharged from arrest by the state court, and also by the district court, upon proceedings for that purpose. *In re Borst*, 2 B. R. 62.

CUSHING, C. J., and STANLEY, J., C. C., concurred.

*Exceptions sustained.*