## In re CLAIBORNE.

(District Court, S. D. New York. April 29, 1901.)

BANKRUPTCY—BANKRUPT'S ARREST BEFORE FILING OF PETITION—HABEAS CORPUS.

    Bankr. Act 1898 contains no provision authorizing a court of bankruptcy to discharge from custody on habeas corpus a bankrupt who was imprisoned under a lawful civil process before the filing of the petition, even though the debt for which he is held is provable, and hence one from which he will be released by a discharge, nor is such authority given by anything in the general orders. Section 9a exempts the bankrupt from arrest on civil process, only after proceedings have been commenced; and general order No. 30 of the supreme court (18 Sup. Ct. viii.) authorizes the granting of a writ of habeas corpus, only to bring an imprisoned debtor before the referee for the purpose of testifying.

In Bankruptcy. On writ of habeas corpus for the discharge of the bankrupt from imprisonment.

Roger M. Sherman, for bankrupt.
James D. McClellan, opposed.

BROWN, District Judge. In an action heretofore brought by the bankrupt in the New York supreme court against Adam E. Schatz, late city judge of Mt. Vernon, Westchester county, to recover damages for alleged false imprisonment upon a warrant of arrest theretofore issued by him against the bankrupt, a judgment dismissing the complaint with $66.82 costs was entered against the bankrupt on December 22, 1900. Under the state law the plaintiff in such an action, if unsuccessful, is liable to an execution against the person for the recovery of the costs of the suit; and upon such an execution issued on March 6, 1901, the defendant was arrested and committed by the sheriff. Afterwards and while in custody, the bankrupt caused to be filed his voluntary petition in bankruptcy on April 20, 1901, and on that day procured from this court a writ

of habeas corpus to inquire into the cause of his detention. In obedience to the writ the sheriff produced the bankrupt before the court, whereupon the foregoing facts appeared.

It is contended for the bankrupt that he is entitled to a discharge from custody, for the reason that the judgment for costs is a provable debt under section 63a (1), and would be barred by a discharge in bankruptcy because not within the exception of section 17a (2). I am inclined to think the latter claim to be correct, because the present debt is not within the language of section 17a (2). That clause applies only to judgments "in actions for willful and malicious injury to the person or property of another"; that is, of some person other than the bankrupt, in which the bankrupt may be adjudged answerable for damages for a willful injury to such other person. The present action was not of that kind; it was brought by the bankrupt to recover for a willful injury to himself, and the judgment adjudicated that there was no such injury. Although the defendant in that action is entitled under the New York law to an execution against the person for costs, that does not enlarge the scope of the exception under section 17 of the bankrupt act.

But whether the above construction of section 17a (2) be correct or not, I do not find any warrant in the bankruptcy law, or in the general orders of the supreme court, for the discharge of the bankrupt from custody. Section 9 seems to provide only for exemption from arrest upon process after bankruptcy proceedings are commenced; and section 11 applies only to a stay of suits pending or the issue of further process therein. General order No. 30 of the supreme court (18 Sup. Ct. viii.) provides for cases where the bankrupt is in custody under an arrest made both before and after the initiation of the bankruptcy proceedings; but it is only in cases where the bankrupt has been arrested or committed after the filing of his petition, that the court is authorized to grant a discharge from imprisonment, even though the debt be provable. The language of general order No. 30 is explicit, that:

"If, at the time of preferring his petition, the debtor shall be imprisoned, the court upon application, may order him to be produced upon habeas corpus, by the jailer or any officer in whose custody he may be, before the referee, for the purpose of testifying in any matter relating to his bankruptcy." 18 Sup. Ct. viii.

I find no further warrant anywhere for interference with the custody of the prisoner when he was imprisoned under lawful process before filing the petition. The application in this case not being for the purpose stated in general order No. 30, but for the debtor's full discharge from custody, it must be denied, and the writ dismissed.