PEOPLE ex rel. TARANTO v. ERLANGER, Sheriff.

(District Court, S. D. New York. October 14, 1904.)

BANKRUPTCY—ARREST OF BANKRUPT ON CIVIL PROCESS—HABEAS CORPUS.

Bankr. Act July 1, 1898, c. 541, § 9a, 30 Stat. 549 [U. S. Comp. St. 1901, 3425], which exempts a bankrupt from arrest upon civil process for a debt or claim from which his discharge in bankruptcy would be a release, applies as well to the detention of a bankrupt in custody on such process, where he was taken into custody prior to the bankruptcy, as to the case of an arrest made thereafter, and a court of bankruptcy is authorized in either case to discharge him from such custody on a writ of habeas corpus.

Petition by Bankrupt for Writ of Habeas Corpus.

David Hershfield, for petitioner.

George A. McLaughlin, for John F. Golden, creditor.

HOLT, District Judge. This is an application upon a writ of habeas corpus to discharge the petitioner from imprisonment. The petitioner, Antonio Taranto, was arrested and is held in prison by the sheriff of New York county under an order of arrest in a civil action brought upon a contract debt which is provable and dischargeable in bankruptcy. The ground of arrest was that the defendant, after making the contract, disposed of his property with intent to defraud his creditors. The order of arrest was issued on August 31, 1904, and on October 8, 1904, he was adjudged a bankrupt. He now applies for discharge from imprisonment.

The ninth section of the bankrupt act (July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]), provides that "a bankrupt shall be exempt from arrest upon civil process" except in certain enumerated cases, in which this case is not included. Judge Brown held, in Re Claiborne (D. C.) 109 Fed. 74, that this section did not authorize bankrupts to be discharged from imprisonment who had been arrested before bankruptcy. He says in the opinion, "Section 9 seems to provide only for exemption from arrest upon process after bankruptcy proceedings are commenced," and he also construes general order 30 to the same effect. My attention has not been called to any other decision on the point under the present act. With the highest respect for Judge Brown's opinion, I am not able to concur in it. The term "arrest" is frequently used to mean the original taking of a person into custody, but it is an equally proper use of the word to apply it to the continued detention of a person in custody; and I think that when the statute says that a bankrupt shall be exempt from arrest upon civil process, except in certain enumerated cases, it means not only that he shall not be taken into custody after he has become a bankrupt, but also that he shall not be detained in custody while he is a bankrupt. I think that there is nothing in the provisions of general order 30 necessarily inconsistent with section 9 of the act, and, if there were, the provisions of the act must prevail.

The question arose under section 26 of the act of March 2, 1867, c. 176, 14 Stat. 529, the language of which was: "No bankrupt shall be liable to arrest during the pendency of the proceedings in bank-

ruptcy in any civil action unless the same is founded on some debt or claim from which his discharge or bankruptcy would not release him." This language seems to me somewhat more capable of the construction that it only applied to an arrest beginning after the bankruptcy than the language of the present act, and that was the construction put upon it in Massachusetts by Judge Lowell. In re Walker, 1 Lowell, 222, Fed. Cas. No. 17,060; Minon v. Van Nostrand, 1 Lowell, 458, Fed. Cas. No. 9,642. Judge Blatchford, however, took the directly contrary view. In Re Seymour, 1 Ben. 348, Fed. Cas. No. 12,684. He there said:

"The purport of this provision of the twenty-sixth section is that no person shall be held under arrest or suffer imprisonment in any civil action during the pendency of proceedings in bankruptcy by or against him, whether he is first put under arrest after the commencement of the proceedings, or is imprisoned at the time the proceedings are commenced, unless the action is founded on some debt or claim from which his discharge in bankruptcy would not release him."

Admittedly in this case the bankrupt act vacates all attachments or other liens, authorizes a stay of all proceedings, and, if the bankrupt is discharged, will discharge the debt or any judgment which might be recovered on it; and I cannot avoid the conviction, in view of the whole scheme of the bankrupt act and of the language of the section in question, that the bankrupt in such a case is exempt from imprisonment under civil process.

The prisoner is discharged.