### TURGEON v. EMERY, Sheriff, etc.

#### (District Court, D. Maine. November 25, 1910.)

#### No. 167.

BANKRUPTCY (§ 393*)—EXEMPTION FROM ARREST—"ARREST."

The term "arrest," as used in Bankr. Act July 1, 1898, c. 541, § 9, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3425), providing that a bankrupt shall be exempt from arrest on civil process, applies to the continued detention of a person in custody, and not merely to the original taking of a person into custody; so that an adjudication in bankruptcy against a debtor after his arrest on civil process entitles him to be discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 619–621; Dec. Dig. § 393.*

For other definitions, see Words and Phrases, vol. 1, pp. 501–503.]

Application by Joseph Turgeon for a writ of habeas corpus to obtain his discharge from the custody of Charles D. Emery, Sheriff and Jail Keeper of York County, Me. Writ granted, and prisoner discharged.

Ruggles S. Higgins, for petitioner.
L. B. Lausier, for objecting creditor.

HALE, District Judge (orally). In this case an application is brought before the court, upon a writ of habeas corpus, to discharge Joseph Turgeon from imprisonment in the county jail at Alfred. He was arrested, and is held in jail by the sheriff of York county on a process by a disclosure commissioner, issued on an execution upon a debt which is provable and dischargeable in bankruptcy. The arrest was made July 16, 1910. On July 18, 1910, the petitioner was duly adjudicated a bankrupt.

Section 9 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]) provides that "a bankrupt shall be exempt from arrest upon civil process." In the Taranto Case (D. C.) 132 Fed. 883, Judge Holt held that the term "arrest" may be held to apply to the continued detention of a person in custody, although the word is frequently used to mean the original taking of a person into custody; and that when the statute provides for the exemption of a bankrupt from arrest upon civil process, except in certain cases, it means, not only that he shall not be taken in custody, but also that he shall not be detained in custody, after he becomes a bankrupt. I am constrained to believe this decision follows the spirit and meaning of the bankrupt law, and should be followed. I make this decision with some hesitation, after so eminent an authority as Judge Addison

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Brown, in the Claiborne Case (D. C.) 109 Fed. 74, has given a different construction of section 9 of the bankrupt act, taken in connection with general order 30. I think the clear intention of the bankrupt law is to exempt the bankrupt from imprisonment under civil process in such a case as is now brought before me.

The prisoner is discharged.