## In re KOMAR.

(District Court, N. D. New York. July 17, 1916.)

1. BANKRUPTCY ⬮⟿393—DISCHARGE—HABEAS CORPUS—RIGHT TO.
   Under General Order No. 30 (89 Fed. xii, 32 C. C. A. xxx), providing that if, at the time of preferring his petition, the debtor shall be imprisoned, the court, upon application, may order him to be produced on habeas corpus, for the purpose of testifying, and, if committed after the filing of his petition, on process founded on a claim provable in bankruptcy, the court may discharge him from such imprisonment, while, if arrested or imprisoned upon process in any civil action during the pendency of the proceedings in bankruptcy, the court may issue a writ of habeas corpus to bring the petitioner before it to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable, the petitioner shall be discharged, a bankrupt imprisoned on process issued before the filing of his petition in a

⬮⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

civil action on a claim provable in bankruptcy, such as one for breach of marriage promise unaccompanied by seduction, is entitled to discharge on habeas corpus, the same as if he had been imprisoned after the filing of the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 619–622; Dec. Dig. ☞393.]

2. BANKRUPCY ☞421(1)—DISCHARGE—CLAIMS DISCHARGEABLE.

A judgment for breach of contract to marry is dischargeable in bankruptcy when unaccompanied by seduction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 772; Dec. Dig. ☞421(1).]

In Bankruptcy. In the matter of the bankruptcy of Nathan Komar. Petition by Nathan Komar for writ of habeas corpus. Writ issued, and prisoner discharged.

On a writ of habeas corpus sworn out by Nathan Komar he asks his discharge from arrest on civil process issued out of the Supreme Court of the state of New York, Onondaga County, N. Y., on a judgment in favor of one Libbie Kodish, who objects to such discharge or release.

Hancock, Spriggs & Hancock, of Syracuse, N. Y., for petitioner.
Saul Kauffman, of Syracuse, N. Y., opposed.

RAY, District Judge. May 13, 1916, Libbie Kodish, after issue joined and tried, obtained a judgment in the Supreme Court of the state of New York against the above-named Nathan Komar for damages in the sum of $2,603.55 for breach of promise of marriage. There was no allegation or proof of seduction under promise of marriage, but the plaintiff now alleges that there was a willful and malicious injury to her person, in that the defendant, now the bankrupt, held himself out as ready and willing to marry the plaintiff, and publicly hugged and kissed her, and showed other evidence of affection, when in point of fact he was engaged to another woman, whom he subsequently married, and did not intend to marry the plaintiff, and that such conduct resulted in great injury to the plaintiff's feelings and health, and that such conduct was willful and intentional. The allegations of the complaint constitute a cause of action for breach of promise to marry, and were supported by the proof, and resulted in the judgment referred to, and on which judgment execution against the person was issued to the sheriff of Onondaga county, N. Y., June 17, 1916, and by virtue thereof the defendant was arrested June 19, 1916, by said sheriff, and he gave bail to the jail limits of said county.

[1] On the 22d day of June, 1916, the said Nathan Komar was duly adjudged a bankrupt on a petition filed that day, and the bankruptcy proceedings are now pending. The bankrupt has not been discharged in such proceedings. July 7, 1916, on the petition of said Komar, a writ of habeas corpus was duly issued out of and under the seal of this court, and a release is sought under and by virtue of the provisions of General Order 30 (89 Fed. xii, 32 C. C. A. xxx). On the trial of the action above referred to the presiding judge charged the jury that no punitive or exemplary damages could be recovered. It is

seen that said Komar was arrested on such body execution and gave bail to the jail limits prior to the commencement of such bankruptcy proceedings. General Order 30 provides:

"If, at the time of preferring his petition, the debtor shall be imprisoned, the court, upon application, may order him to be produced upon habeas corpus, by the jailer or any officer in whose custody he may be, before the referee, for the purpose of testifying in any manner relating to his bankruptcy; and, if committed after the filing of his petition upon process in any civil action founded upon a claim provable in bankruptcy the court may, upon like application, discharge him from such imprisonment. If the petitioner, during the pendency of the proceedings in bankruptcy, be arrested or imprisoned upon process in any civil action, the District Court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable he shall be discharged; if not, he shall be remanded to the custody in which he may lawfully be. Before granting the order for discharge the court shall cause notice to be served upon the creditor or his attorney, so as to give him an opportunity of appearing and being heard before the granting of the order."

It is expressly provided in such General Order that:

"If the petitioner, during the pendency of the proceedings in bankruptcy, be arrested, *or* imprisoned upon process in any civil action, the District Court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable he shall be discharged; if not he shall be remanded to the custody in which he may lawfully be."

This General Order first provides generally for producing a bankrupt in custody when he files his petition for the purpose of testifying in the bankruptcy proceedings no matter what the cause of arrest. It next provides specially that if committed after the filing of his petition upon process in a civil action founded on a claim provable in bankruptcy the court may in certain cases discharge him. It then provides that if the petitioner during the pendency of the proceedings in bankruptcy be arrested, or imprisoned upon process in any civil action, the court may, etc., and if it appears that such process has been issued for the collection of any claim provable in bankruptcy he shall be discharged if the claim is so provable.

I am unable to discover any reason why a bankrupt, arrested and imprisoned in a case where the claim is dischargeable in bankruptcy on civil process after he has filed his petition in bankruptcy should be discharged from arrest and a bankrupt arrested and imprisoned on precisely such a claim on civil process before the filing of his petition should not be. While there is some obscurity in the language used in General Order 30, and room for differences of opinion, my conclusion is that the Supreme Court, in adopting the General Order referred to, did not purpose to make any distinction between the two cases, and that the language used does not make the distinction claimed.

The question has been considered and decided both ways since the enactment of the present bankruptcy law and the adoption of the General Order referred to. In Re Claiborne (D. C.) 109 Fed. 74, 5 Am. Bankr. Rep. 812, Judge Brown held that a bankrupt, held on civil process when the claim was provable in bankruptcy and the arrest

was made prior to the filing of the petition in bankruptcy, could not be discharged on habeas corpus; while in People ex rel. Taranto v. Erlanger, Sheriff (D. C.) 132 Fed. 883, 13 Am. Bankr. Rep. 197, Judge Holt held that in such a case the bankrupt could and should be so discharged, and in Turgeon v. Emery (D. C.) 182 Fed. 1016, Judge Hale held the same. In Matter of Adler (C. C. A. 2d circuit) 144 Fed. 659, 75 C. C. A. 461, 16 Am. Bankr. Rep. 414, Judge Coxe said:

"General order 12 (32 C. C. A. xvi, 89 Fed. vii) provides that from the date when he is required to appear before the referee the bankrupt shall be subject to the orders of the court in all matters relating to his bankruptcy 'and may receive from the referee a protection against arrest, to continue until the final adjudication on his application for a discharge,' and General Order 30 (32 C. C. A. xxx, 89 Fed. xii) requires the District Court to discharge on habeas corpus a bankrupt imprisoned upon process in any civil action for the collection of a claim provable in bankruptcy."

I do not find that either of the cases referred to was appealed. If a claim against a bankrupt is provable and dischargeable in bankruptcy and reduced to judgment prior to the filing of a petition in bankruptcy, and the bankrupt is imprisoned on an execution against his person issued and executed by taking the defendant in such execution into custody a day before the petition is filed, I see no reason why such bankrupt should not be discharged on habeas corpus, if another bankrupt, with a judgment against him for a precisely similar cause of action, obtained before the bankruptcy, but who was arrested on an execution against the person to collect such judgment the day after he filed his petition is to be and is entitled to be discharged on habeas corpus. If the debt or judgment is provable and dischargeable in bankruptcy, why should the bankrupt remain in custody in the one case and not in the other? The question of the discharge of the bankrupt from his provable debts is not determined in either case, and will not be until he has filed his application for a discharge and it has been passed upon by the court or judge. In either case, if the bankrupt fails to secure his discharge, the claim and judgment will remain in full force and effect, and all legal and equitable remedies will be open to the judgment creditor, notwithstanding the release on habeas corpus. I am inclined to agree with Judges Hale and Holt. Judge Brown followed prior holdings under the old Bankruptcy Act, as will be seen by a reference to the opinion of Judge Holt, and in the act referred to the language was different from what it is here.

[2] I cannot see that the judgment against Komar established a cause of action for willful and malicious injury to the person, but the contrary. A judgment for a breach of contract to marry is dischargeable in bankruptcy if not accompanied by seduction. In re Fife (D. C.) 109 Fed. 880, 6 Am. Bankr. Rep. 258. See, also, Collier on Bankruptcy (10th Ed.) 394, 395, and cases there cited. Having been bailed to the jail limits, the petitioner is under restraint and imprisoned within the meaning of the law. Being of this opinion on the two propositions involved, the petitioner, notwithstanding his gross ill treatment of the plaintiff in the action as established by the judgment is entitled to his discharge.

The writ of habeas corpus is sustained, and the petitioner discharged, and there will be an order accordingly.