### Ex parte MARGIASSO.

(District Court, S. D. New York. January, 1917.)

BANKRUPTCY ☞393—RELEASE OF BANKRUPT FROM IMPRISONMENT.

Under Bankr. Act July 1, 1898, c. 541, § 9, 30 Stat. 549 (Comp. St. 1916, § 9593), providing that a bankrupt shall be exempt from arrest on civil process, except when issued from a court of bankruptcy, or from a state court upon a debt or claim from which his discharge in bankruptcy would not be a release, a bankrupt in custody under a body execution on a judgment dischargeable in bankruptcy will be released on habeas corpus, though the arrest was prior to the filing of the petition, especially in view of General Order 30 (89 Fed. xii, 32 C. C. A. xxx) providing that, if the petitioner during the pendency of the proceedings be arrested "or imprisoned" upon process in any civil action, the District Court may issue a writ of habeas corpus, and ascertain whether such process has been issued for the collection of a provable claim, and, if so, he shall be discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 619–622.]

Petition by Charles Margiasso, alleged bankrupt, for a writ of habeas corpus. Writ sustained, and prisoner discharged.

Sternberg, Jacobson & Pollock, of New York City (Samuel H. Sternberg and Henry W. Pollock, both of New York City, of counsel), for petitioner.

Felix Antonacchio, of New York City, for judgment creditor.

AUGUSTUS N. HAND, District Judge. This is an application on a writ of habeas corpus to discharge a bankrupt, who was arrested prior to the filing of a voluntary petition in bankruptcy. The body execution was issued by reason of a judgment obtained in the state court for negligence arising out of an automobile accident. I do not understand it to be disputed that the debt is dischargeable in bankruptcy.

Judge Brown, in Re Claiborne (D. C., N. Y.) 5 Am. Bankr. Rep. 812, 109 Fed. 74, held that the ninth section of the Bankruptcy Act did not authorize the discharge of bankrupts from imprisonment where they had been arrested prior to the filing of the petition. Judge Brown said that the language of General Order XXX (89 Fed. xii, 32 C. C.

---

A. xxx) only authorizes a writ of habeas corpus ad testificandum where the bankrupt was already under arrest when the petition was filed. Judge Holt, in the case of People ex rel. Taranto v. Erlanger, Sheriff (D. C., N. Y.) 13 Am. Bankr. Rep. 197, 132 Fed. 883, held that the language of section 9, providing that "a bankrupt shall be exempt from arrest upon civil process," covers not only the case of arrest, but of detention after arrest.

I think great weight attaches to an apparent general policy of the law to give bankrupts personal immunity pending the continuance of the bankruptcy proceedings. The following language of General Order XXX is also significant:

"* * * If the petitioner, during the pendency of the proceedings in bankruptcy, be arrested or imprisoned upon process in any civil action, the District Court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable he shall be discharged. * * *"

It may well be argued that this general order, in using the words "or imprisoned," contemplated a release from arrests made during the bankruptcy proceeding and from imprisonment upon arrests whenever made in cases where the debt was dischargeable. Judge Ray, in Matter of Komar (D. C.) 37 Am. Bankr. Rep. 683, 234 Fed. 378, decided only last July in the Northern district, followed Judge Holt in the Taranto Case. Judge Hale, in the case of Turgeon v. Emery, Sheriff (D. C.) 25 Am. Bankr. Rep. 694, 182 Fed. 1016, decided in the district of Maine, likewise followed the Taranto Case. It is interesting also to note that Judge Blatchford, in the case of In re Seymour, Fed. Cas. No. 12,684, reached the same conclusion in construing the Bankruptcy Act of March 2, 1867 (14 Stat. 517, c. 176), as Judge Holt reached in the Taranto Case in construing the present act. As Judge Holt said in the Taranto Case, supra:

"* * * The Bankrupt Act vacates all attachments or other liens, authorizes a stay of all proceedings, and, if the bankrupt is discharged, will discharge the debt or any judgment which might be recovered on it, and I cannot avoid the conviction, in view of the whole scheme of the Bankrupt Act and of the language of the section in question, that the bankrupt in such a case is exempt from imprisonment under civil process."

For the foregoing reasons, the writ is sustained, and the prisoner is discharged.