## BLOOMINGDALE et al. v. DREHER.

Circuit Court of Appeals, Third Circuit. February 11, 1929.

No. 3864.

McDermott, Enright & Carpenter, of Jersey City, N. J., and Samuel M. Coombs, Jr., of Jersey City, N. J., for appellants.

Meyer Lobsenz, of Paterson, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. Before and at the time Thomas F. Dreher, trading as T. F. Dreher Auto Company, was adjudged a bankrupt by the United States District Court for the District of New Jersey, he was confined in a county jail of that state under a writ of capias ad satisfaciendum issued in execution of a judgment obtained in the state court against him by Samuel J. Bloomingdale and others, trading as Bloomingdale Bros. After his adjudication Dreher filed in the court below a petition for a writ of habeas corpus to obtain his discharge from custody. The order sought was granted. From that order this appeal was taken by the judgment plaintiffs. They assign as error that the debt evidenced by the judgment was created by Dreher's fraud while acting in

a fiduciary capacity, and assert that, consequently, the debt is not one from which Dreher's discharge in bankruptcy would be a release, under section 17a of the Bankruptcy Act, and hence not a debt within section 9a of the Bankruptcy Act, whereon the order of discharge rests.

Dreher was an automobile dealer. Desiring to purchase more cars than he was able to pay for, he sought and obtained financial assistance from Bloomingdale Bros., private bankers, engaged in purchasing and financing the purchase and sale of automobiles. Under the arrangement made between them, the cars were bought for Dreher by Bloomingdale Bros., who paid 80 per centum of the purchase price of each car, and Dreher the remainder. The cars were delivered to Dreher at his place of business. To Bloomingdale Bros., Dreher gave, with respect to each car, simultaneously with its purchase, a promissory note for the amount advanced by them on account of its purchase price, an assignment of all his right, title, and interest in the car, and a "trust receipt" setting forth the terms and conditions under which the car was possessed by him. The note contained a provision that upon its payment the corresponding trust receipt and the car to which that trust receipt pertained were "to be released" to Dreher. The trust receipt, signed by Dreher, set out that the car, the property of Bloomingdale Bros., was received from them "upon the trust" therein mentioned. Therein Dreher "agreed" to hold the car "in trust" for them at his specified place of business as their property, with the privilege of selling it only upon terms approved by them in writing, and in case of sale "to hand the proceeds" to them to apply "against any indebtedness" of his to them. He further agreed not to remove the car from his premises without their consent in writing, and to return the car unused and in good condition to them upon demand. Upon default in payment of the note, Bloomingdale Bros. were at liberty to sell the car and apply the proceeds to the note. The deficiency, if any, Dreher agreed to pay.

It was expressly stipulated that the making of the note should not divest the payee of title to the car, or otherwise affect the trust receipt, and that in the event of the nonfulfillment of any obligation of Dreher under any trust receipt, or the nonpayment at maturity of any note, "all the indebtedness and obligations" of Dreher to Bloomingdale Bros. should thereupon become due and payable. The notes for some of the cars were paid, the corresponding cars released, and the trust receipts canceled. The remaining cars Dreher sold without the written consent or knowledge of Bloomingdale Bros. The proceeds of these sales were not paid to them. Thereafter the proceedings were instituted by Bloomingdale Bros. in the state court, a judgment obtained for the balance due them, and Dreher taken into custody under the ca. sa.

Section 9a of the Bankruptcy Act, 11 USCA § 27(a), provides: "A bankrupt shall be exempt from arrest upon civil process except in the following cases: (1) * * * (2) When issued from a state court having jurisdiction, and served within such state, upon a debt or claim from which his discharge in bankruptcy would not be a release. * * * " The term "arrest," as used in this section, includes a detention or continued detention in custody, as well as an original taking in custody, and by virtue of this section a bankrupt may be discharged from prison, regardless of the time he was originally taken into custody. People v. Erlanger (D. C.) 132 F. 883; Turgeon v. Emery (D. C.) 182 F. 1016; Ex parte Margiasso (D. C.) 242 F. 990; Ex parte Harrison (D. C.) 272 F. 543. The protection afforded is effective immediately after adjudication. Ex parte Harrison, supra.

Whether Dreher's debt is one from which his discharge in bankruptcy would or would not be a release is to be determined from the facts when tested by section 17a·of the Bankruptcy Act, 11 USCA § 35, which, so far as here asserted to be applicable, reads thus: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting * * * in any fiduciary capacity." By the decisions of the Supreme Court in Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147, and Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762, it is now definitely settled that the words "while acting in any fiduciary capacity" limit and qualify each of the words "fraud," "embezzlement," and "misappropriation," as well as the word "defalcation." It thus becomes clear, we think, that section 17a(4) applies only to debts created by a person who was already a fiduciary when the debt was created. Upshur v. Briscoe, 138 U. S. 365, 378, 11 S. Ct. 313, 34 L. Ed. 931; Cronan v. Cotting, 104 Mass. 245, 6 Am. Rep. 232; Fleitas v. Richardson (No. 2) 147 U. S. 550, 556, 13 S. Ct. 495, 37 L. Ed. 276.

Viewing the facts as a whole, it is obvious that in the case at bar the transaction was one of borrowing and lending money,

which created a debt, evidenced by a note, with respect to each car. That debt did not arise out of any fiduciary relations, howsoever comprehensively that term be construed. The borrower's assignment of his right, title, and interest in and to the car and his "trust receipt" were but security for the debt evidenced by the note. Even if it be assumed that the breach by the borrower of the terms of the "trust receipt" created an additional remedy for the collection by the lender of the debt due him, it did not create a new debt. Moreover, the complaint upon which the judgment in the state court was had sets up the original debt, not a new one arising out of the breach of the trust agreement.

As the debt due from Dreher to Bloomingdale Bros. was one not created by Dreher while acting in any fiduciary capacity, it follows that the order of the court below discharging him from custody must be affirmed.