## UNITED STATES ex rel. HAHN v. SHERIFF OF NASSAU COUNTY, N. Y.

District Court, E. D. New York.

Oct. 8, 1931.

Louis J. Castellano, of Brooklyn, N. Y., for petitioner.

Breitbart & Breitbart, of New York City, for judgment creditors.

MOSCOWITZ, District Judge.

Carl M. Hahn, the bankrupt, the relator herein, was arrested by the sheriff of Nassau county, N. Y., on September 23, 1931, and committed by the sheriff to the Nassau county jail, pursuant to an execution against the person of Hahn issued in an action in the Supreme Court, Queens county, wherein Estelle Siegler and Adolph Siegler were the plaintiffs and Hahn was the defendant.

In said state court action Estelle Siegler recovered a judgment on May 18, 1931, in the sum of $2,423.70 for personal injuries, and Adolph Siegler recovered a judgment in the sum of $395 for loss of services of Estelle Siegler, his wife. The suit upon which the judgments were obtained arose out of an automobile accident.

Hahn filed a voluntary petition in bankruptcy in this court on September 24, 1931, and listed said Sieglers as creditors. He was adjudicated a bankrupt on September 24, 1931. An application is made herein by the bankrupt on a writ of habeas corpus for his discharge. No claim is made that the judgments are not dischargeable in bankruptcy.

Section 9a of the Bankruptcy Act (11 USCA § 27(a) provides: "A bankrupt shall be exempt from arrest upon civil process, except in the following cases: (1) * * * contempt * * * (2) when issued * * * upon a debt or claim from which his discharge in bankruptcy would not be a release, and in such case he shall be exempt from such arrest when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by the provisions of this title."

Counsel for the petitioner argues that this court is vested with jurisdiction to issue writs of habeas corpus by section 453 of the U. S. Code (28 USCA § 453), and that jurisdiction is also conferred by General Order No. 30 of General Orders in Bankruptcy (11 USCA § 53), which is as follows: "If, at the time of preferring his petition, the debtor shall be imprisoned, the court, upon application, may order him to be produced upon habeas corpus, by the jailor or any officer in whose custody he may be, before the referee, for the purpose of testifying in any matter relating to his bankruptcy; and, if committed after the filing of his petition upon process in any civil action founded upon a claim provable in bankruptcy, the court may, upon like application, discharge him from such imprisonment. If the petitioner, during the pendency of the proceedings in bankruptcy, be arrested or imprisoned upon process in any civil action, the district court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable he shall be discharged; if not, he shall be remanded to the custody in which he may lawfully be. Before granting the order for discharge the court shall cause notice to be served upon the creditor or his attorney, so as to give him an opportunity of appearing and being heard before the granting of the order."

While there has been some difference of opinion, the weight of authority is to the effect that, if the judgment is dischargeable in bankruptcy, the bankrupt should be discharged from imprisonment even though the arrest occurred prior to the filing of the petition. In re People of State of New York ex rel. Taranto v. Erlanger, Sheriff (D. C.) 132 F. 883; Ex parte Margiasso (D. C.) 242 F. 990.

The writ is sustained, and the relator is discharged. Settle order on notice.