## In re STORCH.

District Court, E. D. New York.
March 16, 1933.

William A. Hyman, of New York City, for judgment-creditor.

Reit & Kaminsky, of New York City, for relator.

INCH, District Judge.

The relator, Storch, was duly adjudicated a voluntary bankrupt in this court and district on the second day of March, 1933.

Previous to the filing of his voluntary petition, he had been confined within the jail limits by the sheriff of Kings county, pursuant to an execution against his person, secured pursuant to a judgment in the Supreme Court, Kings county, in which action relator had been sued by a guardian of an infant and who had secured a judgment for damages for personal injuries received as a result of an automobile accident.

Relator has now applied for and obtained this writ of habeas corpus. While the return thereto is somewhat informal, it is sufficient to raise the issue.

■ It appears from the petition that the debt is not "predicated upon an action for wilful negligence." There is nothing in any of the papers submitted that would indicate that this debt is not dischargeable in bankruptcy. The real objection urged by the creditor is that relator is not in jail but is held within the jail limits pursuant to an undertaking. On the other hand, the relator claims that this is confinement sufficient to entitle him to his relief for the reason that he will be immediately imprisoned should he leave this borough, one of five constituting the city of New York.

It seems to me, the writ should be sustained and relator discharged.

In Re Madigan (D. C.) 254 F. 221, the relator was confined within the jail limits and yet he was discharged. Relator is still in the custody of the sheriff and is not free to go as he pleases. His liberty is distinctly restrained. Thus this situation differs from that in such cases as Sibray v. U. S. (C. C. A.) 185 F. 401, Johnson v. Hoy, 227 U. S. 245, 33 S. Ct. 240, 57 L. Ed. 497, and Stallings v. Splain, 253 U. S. 339, 40 S. Ct. 537, 64 L. Ed. 940, where relator's liberty was not restricted.

■ The objection that relator was arrested prior to the filing of the petition in bankruptcy has been held insufficient. People ex rel. Taranto v. Erlanger (D. C.) 132 F. 883; Ex parte Margiasso (D. C.) 242 F. 990; Ex parte Harrison (D. C.) 272 F. 543; U. S. ex rel. Hahn v. Sheriff of Nassau County (D. C.) 52 F.(2d) 903.

The question decided here is whether the debt is dischargeable. Bloomingdale v. Dreher (C. C. A. 3) 31 F.(2d) 93.

■ If the relator shows, as is shown here, that the debt for which he has been imprisoned is dischargeable, that is sufficient to entitle him to his liberty regardless of whether he is subsequently able to obtain a discharge from his debts in the bankruptcy proceeding. This must be so for the reason that objections to a bankrupt's discharge are those specifically mentioned in the act (section 14), title 11, USCA § 32. The effect of a discharge on the debt differs from the right thereto. That is a matter which must be determined elsewhere and at another time. In re Cooper Bros. (D. C.) 166 F. 932. All we are called on to determine here is whether, under the law, the debt appears to be dischargeable if and when bankrupt obtains his discharge. It appears from the papers that it is. The writ therefore should be sustained and relator discharged.