## In re FABBRI.

District Court, S. D. New York.

Aug. 28, 1934.

Max Gellman, of New York City, for petitioner.

William Karlin, of New York City, for Serafino Tiberi.

HULBERT, District Judge.

The bankrupt is in custody upon an execution issued out of the Municipal Court of the city of New York in an action by a wage-earner against the petitioner as a stockholder of the corporation employer.

A previous writ of habeas corpus was dismissed because the petition was deemed defective.

It now appears that the labor for which judgment was recovered by the objecting creditor was performed by him between October, 1933, and February, 1934.

The relator was arrested and incarcerated on August 20th, and filed his petition and was adjudicated a bankrupt on August 21, 1934. He urges that under section 17 of the Bankruptcy Act, as amended (section 35, title 11, USCA), the aforesaid judgment is a dischargeable claim and seeks his release from custody.

The statute in question, as amended January 7, 1922 (11 USCA § 35), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * *; or (fifth) are for wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of commencement of the proceedings in bankruptcy."

Section 71 of the New York Stock Corporation Law ([Consol. Laws, c. 59] Laws 1923, c. 787) provides as follows:

"§ 71. *Liabilities of Stockholders to Laborers, Servants or Employees.* The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services."

It is to be presumed that all of the conditions thereof have been complied with to entitle the creditor to his judgment.

Section 135 of the New York Municipal Court Code, subd. 2, provides:

"If it is a case where the defendant may be arrested, in addition to the foregoing it may direct the officer, if sufficient property of the defendant liable to execution cannot be found to satisfy the judgment, that he arrest the defendant and commit him to the jail of the county wherein the district in which the judgment was entered is situate, until he pay the judgment or be discharged according to law."

Section 139 of the same statute provides:

"§ 139. *Judgment and Execution in Favor of Wage Earners.* In an action by a journeyman, laborer, or other employee whose employment answers to the general description of wage earner, for services rendered or wages earned, if the plaintiff recovers a judgment for a sum not exceeding one hundred dollars, exclusive of costs, and the action was brought within three months after the cause of action accrued, no property of the defendant is exempt from levy and sale on execution; and if the execution is returned wholly or partly unsatisfied, the clerk must, upon the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected. A defendant arrested in such a case must be actually confined in the jail and is not entitled to the liberties thereof, but must be discharg-

ed after having been so confined for fifteen days."

The question to be determined upon this application is whether the word "workmen" as used in said section 35 is synonymous with the word "laborer" as used in said section 71 and said section 139.

The petitioner herein relies upon Matter of Storch (D. C. E. D. N. Y.) 8 F. Supp. 34, by Inch, District Judge, decided March 16, 1933.

In that case, Storch was duly adjudicated a voluntary bankrupt. Previous to the filing of his petition, he had been confined within the jail limits by the sheriff of Kings county, pursuant to an execution against his person secured pursuant to a judgment in the Supreme Court, Kings county, in which action he had been sued by a guardian of an infant who had secured a judgment for damages for personal injuries received as a result of an automobile accident, and sought his release by a writ of habeas corpus.

It appeared from the petition that the debt was not "predicated upon an action for wilful negligence," and there was nothing before the court that would indicate that the debt was not dischargeable in bankruptcy. The real objection urged by the creditor was that Storch was not in jail but was held within the jail limits pursuant to an undertaking. On the other hand, the relator claimed this was a confinement sufficient to entitle him to his relief for the reason that he would be immediately imprisoned should he leave the borough of Brooklyn, one of the five constituting the city of New York.

The determination of the court was that the debt being dischargeable was sufficient to entitle him to his liberty regardless of whether he should subsequently be able to obtain a discharge from his debts in the bankruptcy proceeding or no.

Subdivision 5 of section 2 of the New York State Labor Law ([Consol. Laws, c. 31] Laws 1921, ch. 50), defines "employee" as "a mechanic, workingman or laborer working for another for hire." From this it would seem to me that the Legislature of the state of New York, in enacting section 71 of the Stock Corporation Law, as amended in 1923, and section 139 of the Municipal Court Code, did not intend to give the word "laborer" any greater significance than did Congress in the use of the word "workmen" in section 17 of the Bankruptcy Act, as amended January 7, 1922 (chapter 22, 42 Stat. 354 [11 USCA § 35]).

The debt upon which the petitioner herein is confined being dischargeable in bankruptcy, the writ must be sustained and the prisoner discharged.